**BERTHA LEE McDOWELL, alias BERTHA LEE McDOWER, v. STATE OF FLORIDA.**

36 So. (2nd) 180          June Term, 1948
June 18, 1948          Division A
Rehearing denied July 9, 1948

*P. Donald DeHoff,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Bertha Lee McDowell, alias Bertha Lee Mc-Dower, and Richard Jefferson, alias Willie McKinley, were convicted in the Circuit Court of Clay County, Florida, for the crime of grand larceny and each was by the trial court sentenced to serve a period of two years in the State Prison at hard labor. Bertha Lee McDowell, alias Bertha Lee Mc-Dower, has perfected an appeal here.

Counsel for appellant contends that the judgment should be reversed because: First, the testimony of the State is vague, indefinite and legally insufficient to show that the appellant received the $323.00 of Sol Dunston. The answer to the contention is that the appellant and her witnesses testified that she did not receive the money at Orange Park from Dunston about 1:30 P. M. on January 3, 1947. The witnesses for the State testified that she did receive from Dunston the $323.00 and simultaneously presented him with a receipt for the money and the receipt was admitted in evidence. There are presented disputes and conflicts in the evidence for a jury under proper instructions.

Second, it is contended that the identity of the appellant was not sufficiently established. We find abundant evidence in the record to establish the identity of the appellant as the person receiving from Dunston the money. It is nothing more or less than a question of fact for the jury. What has by us been said as to the second question posed is applicable to the third question argued in the brief.

It is contended that the trial court erred in receiving into evidence statements and admissions made on the part of Richard Jefferson, alias Willie McKinley, over the objection of counsel. The information charged the appellant as principal and further charged that Richard Jefferson, Alias Willie McKinley, and W. W. Turner, alias John Doe, as accessories and

that they were present, assisting, counseling and aiding in the commission of the crime. It is true that an admission or confession made by an accessory could not be admitted against the appellant when it appears that the admission or confession was not made in her presence. Counsel for the appellant, as shown by the record, was by the trial court given an opportunity to approve or disapprove the proposed charges or instructions for the jury and he approved the same.

Counsel for appellant points out that the information in the case at bar should have been drafted under Section 817.01, F.S.A., or Section 811.01, F.S.A., and not under our grand larceny statute. It is possible that the information could have been drafted and the cause prosecuted under either of the cited Sections but the prosecution, as shown by the record, elected to prosecute under a different Section. The course pursued by the State Attorney in the court below is sustained by our adjudications. See Campbell v. State, 155 Fla. 359, 20 So. (2nd) 127; Haynes v. State, 147 Fla. 713, 3 So. (2nd) 385; Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360; Bussart v. State, 128 Fla. 891, 176 So. 32.

We fail to find error in the record and accordingly the judgment appealed from is affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.