PER CURIAM.
The appellant was adjudged guilty of murder in the second degree after a jury trial and verdict. He was sentenced to twenty years in the State prison. This appeal presents a single point in which the appellant urges that the testimony of the two eyewitnesses to the homicide was so conflicting and contradictory as to how the homicide occurred that the conviction should be reversed and a new trial ordered.
The deceased, a female minor named Earnestine Kinchen, in the company of three male friends, went to the Cotton Club, a night club in Dade County, Florida. A man at the entrance said Earnestine was not old enough to be admitted to the night club. The appellant was sitting on a car nearby. He interjected himself into the discussion and followed the deceased into the street where he grabbed Earnestine by the hair and pulled her around; she slapped him and he knocked her to the ground.
The witnesses agree that while the appellant was standing over the deceased he drew a gun from his pocket and a shot rang out. There is conflict in their testimony as to whether the victim walked or was carried to a car. It is clear that she was in the car while one of her escorts standing nearby engaged in a “shoot out” with the appellant. She was unconscious when the car arrived at her home a short distance away.
The testimony of Wilford Norris and Bernie Patterson, two of the victim’s male companions, was contradictory upon cross examination and with each other as to a great many of the details of the sequence of events described. Basically, however, they testified to the same essential facts.
The credibility of the witnesses and the weight of their testimony is primarily for the trier of fact. An appellate court will not substitute its judgment for that of the jury and the trial court where there is sufficient competent evidence to support the judgment. McDowell v. State, 160 Fla. 588, 36 So.2d 180 (1948); Crum v. State, Fla.App.1965, 172 So.2d 24; Wright v. State, Fla.App.1966, 182 So.2d 264.
Our review of the record convinces us that the evidence before the jury was sufficient. It was not so contradictory as to be rendered unbelievable as a matter of law. It is obvious that under the pressure of lengthy and arduous cross examination, the witnesses sometimes misunderstood the import of the question but viewed in the light most favorable to the jury verdict, the evidence is sufficient to prove the guilt of the appellant beyond a reasonable. doubt. The theoretical possibility that the deceased was struck by a stray bullet in the subsequent exchange of shots is not a real possibility in view of the conclusive evidence that the appellant was standing directly over the deceased when he drew his gun and shot her. In addition there is corroborative evidence as to the caliber and the course of the bullet after it entered the body of the deceased.
Affirmed.- ' ■