PIERCE, Chief Judge.
This is an appeal by the State of Florida from an order granting a motion to dismiss six separate informations, all involving the same point of law.
On July 9, 1971, McCurdy was informed against in the Pinellas County Circuit Court. Five days later, on July 14, 1971, he was charged in five additional informa-tions filed in the same Court. Each of the six informations was in two counts, the first counts charging generally that on varying dates from April 27th to May Sth, 1971, he forged the signature of one Roger D. Beck on a credit card charge slip, and the second counts charging that on the same respective dates he unlawfully utilized the credit cards to defraud the Chief Motel in Pinellas County, ostensibly for goods or services received.
On July 27, 1971, McCurdy filed motion to dismiss the six informations on numerous stated grounds, each expressing in different language the substance of ground 3 thereof, which advances the proposition that the general forgery statutes [F.S. §§ 831 and 832, F.S.A., under which the infor-mations were drawn] were “inconsistent with the terms of the State Credit Card Act, specifically, § 817.61”. On July 29, 1971, the trial Court entered order granting the motion and quashing the informations “on the ground that Chapter 817 of the Florida Statutes governs all unlawful use of credit cards and that a forgery of use of a credit card must be prosecuted under Chapter 817”, and therefore that “criminal prosecution under Chapter 831 alleging uttering a forged credit card charge slip is invalid”.
*93 The State has taken an appeal here in each of the six cases which have been consolidated for disposition, and the sole point here for our determination is .whether the two basic charges contained in the infor-mations can be properly prosecuted under F.S. Ch. 831, F.S.A., or whether the provisions of the so-called credit card statute, F.S. Ch. 817, F.S.A., is exclusive. We hold that the two statutes have a clear field of operation, that they are not legally inconsistent, that where the facts so permit prosecutions may be had under either statute, and that therefore the order of the trial Court was erroneous and must be here reversed.
F.S. § 831.01, F.S.A. under which the several counts 1 were drafted provides inter alia that—
“Whoever falsely . . . forges any receipt for money, goods or other property . . . with intent to defraud . . . shall be punished . . . ”, etc.
F.S. § 831.02, F.S.A. provides inter alia that—
“Whoever utters ... as true a . forged . . . writing mentioned in § 831.01, knowing the same to be . forged . . . with intent to defraud any person, shall be punished . . .
Our Supreme Court in Harrell v. State, 1920, 79 Fla. 220, 83 So. 922, in interpreting into plain English the rather prolix language of said §§ 831.01 and 831.02, stated:
“Our statute [now F.S. § 831.01, F. S.A.] was directed at the offense of forgery, which at common law consisted of a writing in such forms as to be apparently of some legal efficacy, an evil intent of the sort deemed in law fraudulent in the defendant’s mind, and a false making of such writing. See 2 Bishop’s Crim.Proc. 167. The act of forgery is generally considered to be charged by alleging that the accused ‘feloniously and falsely did make, forge, and counterfeit’ the instrument described. The word ‘forge’ includes a statement of the particular acts which constitute the offense. (Citation).
In uttering a forged instrument [now F.S. § 831.02, F.S.A.] the offense consists in the knowledge on the part of the defendant that the instrument is false, not genuine; not a true writing; a writing which is the counterfeit of something which is or has been a genuine writing; and an intent to injure or defraud another by asserting that the instrument is true.”
The Florida legislature in 1967 passed a law entitled “An act relating to credit cards; making theft and certain uses of credit cards a crime” (Chapter 67-340 General Laws of 1967), a comprehensive act relating to use of credit cards generally, such as credit cards that have been lost, mislaid, stolen, revoked, expired, forged, illegally possessed, etc. Section 3(6) of the 1967 Act, which has been brought down in the current compilations as F.S. § 817.60 (6), F.S.A., provides that—
“A person who, with intent to defraud a purported issuer or . organization providing . . . anything of value . . . falsely makes or falsely embosses a purported credit card or utters such a credit card is guilty of credit card forgery”, which is a felony under F.S. § 817.67(2), F.S:A.
The trial Judge held that the unlawful uttering of a forged credit card or the forgery itself could be prosecuted only under Ch. 817, specifically F.S. § 817.60(6), F.S. A., which the Judge deemed to be exclusive, even as against the general forgery statutes, F.S. §§ 831.01 and 831.02, F.S.A.
However, we see nothing inconsistent between the two statutes. Both relate to forgery and both encompass forgery of a credit card. The mere fact that the general forgery statute embraced in Ch. 831 is broader than the credit card *94 statute embraced in Ch. 817 is no reason for denying a clear field of operation to either, at the election of the State.
We find no specific definition of the word “inconsistent” in the Florida cases— apparently it is considered that the meaning is so well known and accepted as not to require a definition. In our view, “inconsistent” means repugnance or irreconcilable conflict, and “inconsistent statutes” refers to two or more statutes that are contradictory and incapable of being harmonized. See generally 42 C.J.S. p. 541.
As a matter of fact the 1967 credit card statute specifically in effect authorized prosecution under the general forgery statute. Sec. 11 of the 1967 Act, brought down in the compilations as F.S. § 817.68, F.S.A., provided as follows:
“This part shall not be construed to preclude the applicability of any other provision of the . criminal law of this state which presently applies or may in the future apply to any transaction which violates this part, unless such provision is inconsistent with the terms of this part.”
By the express terms of this provision, which is still on the books, prosecution under the credit card statute, rather than being exclusive, is made non-exclusive.
Numerous Florida cases illustrate the proposition that where the same act is a violation of two or more separate statutes, prosecution may be had under either or any of them, at the election of the prosecutor. McDowell v. State, 1948, 160 Fla. 588, 36 So.2d 180; Fitch v. State, 1939, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360; Stratton v. State, Fla.1955, 77 So.2d 865; Fountain v. State, Fla.App.1966, 182 So.2d 45; Hattaway v. United States, C.A. 5 1968, 399 F.2d 431; Ennis v. State, Fla.1957, 95 So.2d 20; State v. Fruge, 1967, 251 La. 283, 204 So.2d 287.
To be exclusive the two statutes must be inconsistent, which is the key word of the above quoted provision. So where the two statutes are in fact inconsistent with respect to the same subject matter, a different situation exists, although even in such case prosecution may be had under either, but not both, of the statutes. See Barges-ser v. State, 1928, 95 Fla. 404, 116 So. 12, a case with which the writer is well familiar.
It follows that the judgments of dismissal in all six cases must be reversed and the cases remanded for further proceedings.
LILES anrd McNULTY, JJ., concur.