REED, Chief Judge.
The appellant, Angelo Lore, Jr., was charged by three separate informations filed in the Circuit Court for Indian River County, Florida, with obtaining credit by the unauthorized use of a credit card in violation of Section 817.481, F.S.1969, F.S.A. One of the offenses allegedly occurred on 26 October 1969 and two on 27 October 1969. The defendant was found guilty of each offense. Three concurrent sentences of five years each were entered by the trial court on 16 March 1970. The defendant’s appeals from each of these sentences have been consolidated for treatment in this court.
The burden of appellant’s argument — as we understand it — is that Section 817.-62(2), F.S.1969, F.S.A., which is a part of the State Credit Card Crime Act of 1967 repealed by implication Section 817.481, F. S.1969, F.S.A., the statute under which the defendant was charged, convicted and sentenced. Therefore, fundamental error, says appellant, is inherent in the judgments and sentences and the same should be corrected by this court even though the matter was not brought to the attention of the trial court.
The evidence and reasonable inferences therefrom indicate that on the night of 24 October 1969 the defendant while operating his father’s Gulf Oil Service Station in Vero Beach, Florida, made out three credit *701 card receipts using a credit card.which had theretofore been issued by Gulf Oil Company to an investigator for Gulf Oil. One receipt indicated a purchase by the credit card holder of $8.00 in gasoline; one receipt indicated a purchase of five tires for $415.00; and one indicated the purchase of an engine tune-up, a valve job, and an oil change for a total of $375.52. Neither tires nor tune-up, etc., were furnished as indicated by the credit card receipts. The receipts were later mailed to Gulf Oil Company and the latter extended credit on the basis thereof.
The statute under which defendant was charged was enacted in 1961 and provides a broad proscription against unauthorized uses of credit cards. To the extent pertinent, the statute provides:
“817.481.
“(1) It shall be unlawful for any person knowingly to obtain or attempt to obtain credit ... by the use of any credit card ... of another without the authority of the person to whom such card . . . was issued. . . . ”
The portion of the State Credit Card Crime Act of 1967 on which the defendant predicates his argument in pertinent part states:
“817.62.
“(1) . . .
“(2) A person who is authorized by an issuer to furnish money, goods, services or anything else of value upon presentation of a credit card by the cardholder . . . who, with intent to defraud the issuer or the cardholder, fails to furnish money, goods, services or anything else of value which he represents in writing to the issuer that he has furnished, violates this subsection. . . ."
We reject the appellant’s argument that the latter statute repeals by implication the former because — except to the extent hereinafter noted — neither one is inconsistent with the other. The State Credit Card Crime Act of which 817.62(2), F. S.1969, F.S.A., is a part, specifically provides in Section 817.68 thereof :
“817.68 Part II not exclusive. — This part [II] shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this part, unless such provision is inconsistent with the terms of this part.”
We note, however, that the penalty provisions which attend a violation of Section 817.62(2), F.S.1969, F.S.A., are markedly different from and less severe than those attendant upon a violation of Section 817.-481, F.S.1969, F.S.A. See Section 817.-481 (3) (a) and compare Section 817.67, F. S.1969, F.S.A. Because of this inconsistency, we hold that the penalty provisions which pertain to a violation of Section 817.62(2), F.S.1969, F.S.A., superseded the penalty provisions of Section 817.481, F.S. 1969, F.S.A., where — as here — the conduct of the defendant violates both statutes. We base this decision on what we believe to be the intent of the legislature as reflected by the emphasized language of Section 817.68, F.S.1969, F.S.A., supra, the latter being the last section in the State Credit Card Crime Act.
In the instant case, although the defendant may have falsified several different credit card receipts, the essential part of such conduct occurred as a result of and during his possession of the credit card on the night of 24 October 1969. For this reason we hold that the three offenses charged to the defendant should be treated as different facets of the same criminal transaction and one sentence should be entered under Section 817.67(2), F.S.1969, F.S.A. See Lietch v. State, Fla.App.1971, 248 So.2d 203 (cert. den. Fla.1971, 253 So. 2d 875).
The adjudications of guilt are affirmed, but the cause is remanded to the trial court *702 to vacate the present sentences and enter a single sentence consistent with the foregoing.
Remanded with instructions.
OWEN, J., and WHITE, JOSEPH S., Associate Judge, concur.