REED, Chief Judge.
This is an appeal from an order denying a motion to correct a sentence imposed on the defendant by the Court of Record in and for Broward County, Florida. It appears from the record before us that the defendant was charged by information with forging a receipt for merchandise on 25 April 1969 by signing thereon the name of one Robert D. Fetter in violation of Section 831.01 F.S.1969, F.S.A. The defendant was convicted and on 4 September 1969 sentenced to nine years and seven months’ imprisonment.
*703 On 4 November 1971, the defendant filed in the trial court the aforementioned motion to correct the sentence. The ground for the relief sought was that the sentence imposed by the trial court was in excess of the maximum authorized by law. Procedurally the motion falls within the scope of Rule 3.850, Cr.PR, 33 F.S.A. The defendant also filed an accompanying sworn motion revealing himself to be indigent.
On 7 December 1971 the trial court denied the motion to correct the sentence. We assume that no evidentiary hearing was held on the motion because the recitals in the order denying same make no reference to the taking of testimony or other evidence in connection with the motion.
Without the aid of counsel the defendant filed in this court a timely notice of appeal and thereafter a brief in support of his contention that he was improperly sentenced. As best we can discern from the defendant’s brief, which is woefully lacking in its statement of fact, the defendant was convicted under evidence revealing that he had used a Sears Roebuck Credit Card to obtain credit from a Sears Roebuck store and, in connection with the use of such card, forged the name of the person to whom the credit card was issued on a receipt for goods used in conjunction with the credit card. It seems to be the contention of the defendant that the conduct with which he was charged, although a violation of the statute on which the information was founded, Section 831.01, was also a violation of Section 817.61, F.S.1969, F.S.A., which is a part of the State Credit Card Crime Act of 1967.
In Lore v. State, Fla.App., 267 So.2d 699, Fourth District Court of Appeal, opinion filed October 18, 1972, this court recently held that where a person’s conduct violates a state law which was enacted before the State Credit Card Crime Act of 1967, that person may be informed against and convicted under the earlier law. Where, however, the same conduct is also a violation of the subsequently enacted State Credit Card Crime Act, its penal .provisions should govern the sentence, if such penal provisions are inconsistent with those which pertain to the offense defined by the earlier law. This holding was based solely on what we conceived to be the intent of the legislature as manifested by the State Credit Card Crime Act and specifically Section 817.68 thereof.
The same rationale may apply to the situation now before the court. If the conduct of the defendant in the present case which violated Section 831.01, F.S. 1969, F.S.A., (the earlier law) was also a violation of Section 817.61, F.S.1969, F.S.A., or any other provision of the State Credit Card Crime Act, the defendant would be entitled to be sentenced under the penal provisions of the latter, if such provisions are inconsistent with the penal provisions appertaining to the offense defined by the earlier law. Inasmuch as we do not have a record of the evidence that was presented to the trial court in connection with the defendant’s conviction, we are unable to determine whether or not he is entitled to the relief he seeks by way of the motion to correct the sentence. In order to avoid the filing of another motion to vacate by the defendant, the order appealed from is vacated and this cause is hereby remanded to the trial court with instructions to' provide the defendant with an evidentiary hearing on his motion to vacate; if defendant desires, to appoint counsel to represent him in connection with such evi-dentiary hearing, and to make such disposition of the motion as may be consistent with the foregoing.
Order vacated and cause remanded with instructions.
OWEN and MAGER, JJ„ concur.