298 So.2d 550 (1974)
John Douglas McCONNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-229.
District Court of Appeal of Florida, Second District.
August 9, 1974.
*551 James A. Gardner, Public Defender, Sarasota, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of a third degree felony under § 831.01, F.S.A., and sentenced to five years. The conduct for which he was convicted involved the forging of a signature on a credit card sales slip in the amount of $62.80, whereby he received goods and services from a filling station. Appellant's primary contention is that his sentence should have been limited to that which is prescribed for a first degree misdemeanor, since this would have been the maximum he could have received if he had been convicted under the applicable provision of the State Credit Card Crime Act, to wit: § 817.61, F.S.A.
In State v. McCurdy, Fla.App.2d, 1972, 257 So.2d 92, the defendant was charged with forging credit card charge slips under the general forgery statutes (Chapter 831, F.S.A.). The informations were quashed on the ground that the State Credit Card Crime Act governed all unlawful use of credit cards and that a forgery in connection with the use of a credit card must be prosecuted under that Act. This court reversed and said:
"However, we see nothing inconsistent between the two statutes. Both relate to forgery and both encompass forgery of a credit card. The mere fact that the general forgery statute embraced in Ch. 831 is broader than the credit card statute embraced in Ch. 817 is no reason for denying a clear field of operation to either, at the election of the State."
The court also referred to § 817.68, F.S.A., which specifically provides that the State Credit Card Crime Act shall not be construed to preclude the applicability of any other provision of the criminal law of the state unless such provision is inconsistent with the terms of the Act.
However, in Lore v. State, Fla.App.4th, 1972, 267 So.2d 699, our sister court held that a defendant who was charged and convicted under § 817.481, F.S.A. (a previous statute dealing with the unlawful use of credit cards), could not receive a greater sentence than he could have received under the applicable provision of the State Credit Card Crime Act. While upholding the conviction under the prior statute, the court held that its penalty provisions had been superseded by the penalty provisions of the later act. In Strada v. State, Fla. App.4th, 1972, 267 So.2d 702, that court went a step further and held that where the conduct of a defendant convicted under § 831.01, F.S.A., constituted a violation of § 817.61, F.S.A., the defendant was entitled to be sentenced under the more lenient penal provisions of the latter statute.
We hold that appellant was properly sentenced for the commission of a third degree felony. Since the state has the right to prosecute under either statute, we see no reason why a sentence cannot be entered for a term prescribed by the statute under which the prosecution is maintained. We recognize that our holding appears to conflict *552 with Strada, but, with all due respect, we believe the better rule is to permit the state to have the latitude of prosecutorial options. Cf. Edmond v. State, Fla.App.2d, 1973, 280 So.2d 449. There is nothing in the general forgery statutes to suggest that their penalty provisions have been repealed by the State Credit Card Crime Act. Had the state perceived that this argument would be made, a conviction might have been obtained under the third degree felony provisions of § 817.61, F.S.A., because the evidence actually reflected a series of alleged credit card forgeries within a six months' period totalling in excess of $100.00.
The judgment and sentence are affirmed.
HOBSON, A.C.J., and BOARDMAN, J., concur.