312 So.2d 809 (1975)
James Roosevelt GORDON, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-40.
District Court of Appeal of Florida, Third District.
May 20, 1975.
*810 Phillip A. Hubbart, Public Defender, and Bennett Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendant in the trial court appeals a jury conviction for the crime of breaking and entering or entering without breaking a motor vehicle in violation of Fla. Stat. § 810.051, F.S.A.
His sole point on appeal is that the trial court erred by restraining his cross-examination of the state's witnesses, thereby depriving him of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Florida Constitution.
We have read the testimony contained in the record on appeal, and reviewed the alleged errors about which the defendant complains, and find no reversible error.
The main complaint made by the defendant is the restriction which the court placed upon the defendant in his cross-examination of a co-defendant Terry Garrett.
Defendant clearly managed to establish before the jury that Garrett had been charged along with the defendant for the crime involved in this case.
When the defendant through counsel attempted to elicit whether or not the State had granted immunity to Garrett, the witness responded that he didn't know, and the court sustained objections to counsel's repeated inquiry on that question.
In our view, the trial court's rulings were discretionary, and the appellant has not shown such a clear abuse which resulted in a denial of his constitutional right of confrontation or of fair cross-examination. Matera v. State, Fla.App. 1969, 218 So.2d 180; Robertson v. State, Fla.App. 1971, 245 So.2d 304.
The other errors which appellant claims the court committed also have been carefully considered, and we find that these rulings likewise were discretionary and limited the trial testimony to that which was relevant and material. See Morrell v. State, Fla.App. 1974, 297 So.2d 579.
For the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.