MORIARTY, W. H., Associate Judge.
The appellant William R. Pastoria was charged on three Counts by an Amended Information in the Circuit Court for Palm Beach County with Forgery of Credit Card in violation of Section 831.01, F.S.1969, F. S.A., along with Fraudulent Use of Credit Card in violation of Section 817.61, F.S. 1969, F.S.A., which is a part of the State Credit Card Crime Act of 1967, and with Possession of Credit Card Lost, Mislaid or Delivered by Mistake in violation of Section 817.60(2), F.S.1969, F.S.A., which is also a part of the State Credit Card Crime Act of 1967.
The appellant, defendant below, was convicted on all three Counts by jury on April 2, 1974, and sentenced on August 16, 1974 to serve a sentence of six months to five years on Count I, Forgery of Credit Card and also to serve six months to five years on Count II, Fraudulent Use of Credit Card, said sentence to run concurrent with Count I, with sentence withheld as to Count III, Possession of Credit Card Lost, Mislaid or Delivered by Mistake.
The record reflects that the three charges grew substantially out of the same *809 transaction in which the Defendant allegedly forged the name of one John R. Dunlap to a certain credit card receipt for goods in the amount of $41.48.
In the case of Lore v. State, Fla.App. 1972, 267 So.2d 699, this Court held that where a person’s conduct violates a state law which was enacted before the State Credit Card Crime Act of 1967, that person may be informed against and convicted under the earlier law. Where, however, the same conduct is also a violation of the subsequently enacted State Credit Card Crime Act, its penal provisions should govern the sentence, if such penal provisions are inconsistent with those which pertain to the offense defined by the earlier law. This holding was based solely on what we conceived to be the intent of the legislature as manifested by the State Credit Card Crime Act and specifically Section 817.68 thereof.
It appears from the record in the present case that the conduct of the defendant which violated Section 831.01, F.S.1969, F. S.A., which is Count I of the Amended Information is the same conduct which was also a violation of Section 817.61, F.S.1969, F.S.A. and Section 817.60(2), F.S.1969, F.S.A. which are Counts II and III of the same Amended Information.
It is the Court’s view and the Court so holds that where the defendant is charged with a violation of Section 831.01, F.S. 1969, F.S.A. and also a violation of Section 817.61, F.S.1969, F.S.A., or any other provision of the State Credit Card Crime Act, arising out of the same conduct the defendant would be entitled to be sentenced under the penal provisions of the State Credit Card Crime Act, in this case being Section 817.61, F.S.1969, F.S.A.; Strada v. State of Florida, Fla.App.1972, 267 So.2d 702.
The evidence in this case having been that the amount in question with regard to Counts I and II having been an amount less than $100.00 in any six month period, the sentencing provisions of Section 817.-67(1), F.S. shall apply so that maximum sentence shall not exceed one year in the County Jail or $1,000.00 Fine or both.
We have considered the remaining points raised by appellant on appeal and find them to be without merit.
Accordingly the adjudications of guilt are affirmed but the cause is remanded to the trial court to vacate the present sentences and enter a single sentence consistent with the foregoing.
Remanded with instructions.
OWEN, C. J., and WALDEN, J., concur.