McCORD, Judge.
Appellant was convicted of both counts of a two count indictment, the first count charging forgery in violation of § 831.01, Florida Statutes, and the second count charging uttering a forged instrument in violation of § 831.02, Florida Statutes. The evidence showed that appellant falsely entered the name of one A. B. Hill, Jr., on a Mastercharge credit card ticket and uttered same at Busch’s Jewelry Store in Panama City, Florida.
Appellant first contends that the court erred in not instructing the jury on attempts to commit the crimes charged. Such was not error. Appellant did not request instructions on attempt nor did he object to the instructions given by the trial court. See Mitchell v. State, Fla.App.(1st), *161 321 So.2d 108 (1975). In addition we held in King v. State, Fla.App.(1st), 317 So.2d 852 (1975), that there is no offense nor crime under Florida law of attempt to utter a forged instrument.
Appellant next contends that the court erred in sentencing him under the forgery and uttering statutes rather than under § 817.61, Florida Statutes (the state credit card crime act) which under the facts of this case would carry a lesser penalty. Our sister courts have divided on this question. The Fourth District Court of Appeal has held that where the conduct of a defendant violates two statutes, he may be sentenced only under the statute which carries the lesser penalty. Pastoria v. State, Fla.App.(4th), 312 So.2d 808 (1975); Strada v. State, Fla.App.(4th), 267 So.2d 702 (1972); and Lore v. State, Fla.App.(4th), 267 So.2d 699 (1972). The Second District Court of Appeal in McConnell v. State, Fla.App.(2d), 298 So.2d 550 (1974) disagreed with the Fourth District Court of Appeal and held that since the state has the right to prosecute under either statute, the sentence may be imposed for a term prescribed by the statute under which' the prosecution is maintained. See also State v. McCurdy, Fla.App.(2d), 257 So.2d 92 (1972). The Third District Court of Appeal in Fayerweather v. State, Fla.App.(3d), 303 So.2d 34 (1974), followed the rulings of the Second District in McConnell and McCurdy. We likewise adopt this view.
Appellant also contends that the two crimes of forgery and uttering a forged instrument were facets of the same transaction and the court therefore erred in sentencing appellant on each count. (He was given concurrent sentences.) We find no error. Forgery and uttering a forged instrument are two separate crimes committed in violation of two separate criminal statutes and requiring proof of separate and distinct elements as to each. There was no violation of the single transaction rule.
Affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.