332 So.2d 21 (1976)
Raymond F. FAYERWEATHER, Petitioner,
v.
STATE of Florida, Respondent.
No. 46641.
Supreme Court of Florida.
April 28, 1976.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Elliot H. Scherker and Kurt Marmar, Asst. Public Defenders, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for respondent.
OVERTON, Chief Justice.
This cause is before the Court on a petition for writ of certiorari to review the decision of the Third District Court of Appeal in Fayerweather v. State, 303 So.2d 34 (Fla.App. 4th 1974). That decision conflicts with Lore v. State, 267 So.2d 699 (Fla.App. 4th 1972) and Strada v. State, *22 267 So.2d 702 (Fla.App. 4th 1972). We have jurisdiction.[1]
The State Credit Card Crime Act constitutes Part II of Florida Statutes, Chapter 817, Fraudulent Practices. It proscribes certain fraudulent uses of credit cards and deems the violation of each of its provisions either a first degree misdemeanor or a third degree felony and punishes accordingly. Section 817.68 provides that the act,
"... shall not be construed to preclude the applicability of any other provision of the criminal law of this state ... unless such provision in inconsistent with [its] terms... ."
The issue to be decided is whether conduct which violates both the State Credit Card Crime Act, Section 817.60(1), (3), Florida Statutes 1973, and the provision making it unlawful to receive stolen property, Section 811.16, Florida Statutes 1973, may be punished under the latter, even though the former, a newer law, sets a less severe punishment.
Petitioner was convicted of receiving stolen property, a credit card, in violation of Section 811.16, Florida Statutes 1973, and sentenced to five years imprisonment. Petitioner contends his sentence may be no longer than one year, the maximum set by the State Credit Card Crime Act for violation of Section 817.60(1), (3), Florida Statutes 1975. Petitioner unsuccessfully sought habeas corpus in the Eleventh Circuit Court. The Third District Court of Appeal affirmed, declining to follow the Fourth District Court of Appeal's decisions in Lore v. State, supra, and Strada v. State, supra. The Third District adopted the view of the Second District Court of Appeal in State v. McCurdy, 257 So.2d 92 (Fla.App.2d 1972) and McConnell v. State, 298 So.2d 550 (Fla.App.2d 1974).
In Lore, the Fourth District Court of Appeal interpreted Section 817.68 of the Credit Card Crime Act to mean that if any part of any other criminal provision conflicted with any part of the act, the conflicting part would be supplanted by the terms of the act. The court held that where a person's conduct violated both the credit card law and another state law, he may be charged and convicted under either provision but may be sentenced only as prescribed in the credit card act. The court reiterated this view in a companion case, Strada, and in the later case, Gordon v. State, 312 So.2d 809 (Fla.App. 4th 1975).
In State v. McCurdy, supra, the Second District Court of Appeal interpreted Section 817.68 to require irreconcilable conflict between the act and another law before "denying a clear field of operation to either, at the election of the State." 257 So.2d at 94. The court noted that the intent of Section 817.68 is to make prosecution under the act non-exclusive, rather than exclusive. See also McConnell v. State, 298 So.2d 550 (Fla.App.2d 1974).
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. See, e.g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Estevez v. State, 313 So.2d 692 (Fla. 1975), and Steele v. Mayo, 72 So.2d 386 (Fla. 1954). Traditionally, the legislature has left to the prosecutor's discretion which violations to prosecute and hence which range of penalties to visit upon the offender. Section 817.68 of the State Credit Card Crime Act suggests no legislative retreat from this practice. We do not read the section to require exclusive prosecution under this act when the elements of other criminal laws are also present. We hold the petitioner was properly convicted and sentenced for knowingly receiving stolen property under Section 811.16, Florida Statutes 1973.
*23 We approve the decision of the Third District Court of Appeal and discharge the writ.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Art. V, Sec. 3(b)(3), Fla. Const.