McNULTY, Chief Judge.
Appellee Harris was charged by information with auto theft in violation of § 814.03(1), F.S.1973,[1] a felony, in that with the intent permanently to deprive the owner of his property he “willfully and without authority took possession” of a certain automobile belonging to Rent-A-Nichols Car, Inc. He filed a motion to dismiss the charge, apparently under the criminal law version of the summary judgment rule, viz. Rule 3.190(c)(4), in which it undisputedly appears that he had lawfully rented a car from Nichols for one week on May 27, 1973. On June 3 he timely returned and paid for an additional week. He did not, however, return the car on the due date of June 10 and was thereafter arrested on the instant charge on June 16, 1973, while still *675 in possession of the car. The court granted his motion and dismissed the information. This appeal ensued.
Harris argued to the trial court and argues here, that the undisputed facts show that he was guilty only of the offense of failure to return a rented car, a misdemeanor, as specifically proscribed by § 817.52(3). The trial court agreed and determined that since the offense committed was covered by the specific “failure to return” statute, rather than the general “auto theft” statute, due process “notice” requirements mandate that the state elect to prosecute under the less severe “specific” statute.
We must affirm the trial court’s dismissal of the charges herein but for reasons other than those stated. We think he was in error when he held that the state was required to prosecute under the specific, less punitive of two separate statutes proscribing essentially the same conduct but providing differing penalties. In a similar situation involving the receiving stolen property statute vis-a-vis the fraudulent credit card statute, our supreme court has most recently stated in Fayerweather v. State.[2]
“It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. [Citations omitted.] Traditionally, the legislature has left to the prosecutor’s discretion which violations to prosecute and hence which range of penalties to visit upon the offender.”
Prosecution exclusively under the less severe statute is not therefore compelled.
The trial court was correct in dismissing the information, however, but for the reason that the undisputed facts patently establish a fatal variance between the charge and the proof. As noted, the charge specifically alleged that Harris “did willfully and without authority” take possession of the subject automobile. The undisputed proof shows that he in fact took possession with authority. This, we think, is a fatal variance. Nevertheless, that very proof, furnished by Harris himself, establishes that while he may have been in “rightful” possession, he may still have been guilty of “criminal conversion” of the automobile within the contemplation of Florida’s omnibus larceny statute, § 811.-021, F.S.1973, which among other things provides that one “ . . . who with intent to deprive or defraud the true owner of his ... property or of the use and benefit thereof, . . . (b) having in his possession . . . as a person authorized by agreement . . . appropriates the same to his own use shall, upon conviction, be guilty of larceny.” If the value of the property, of course, is of the value of $100 or more the larceny is a felony.
Now, in dismissing the information filed herein the trial court did give the state leave to prosecute for the misdemeanor of failing to return a leased vehicle. But lest it be misunderstood, the state’s options in the premises ought not exclusively be limited to prosecution for the misdemeanor. As noted above, it may well be able to charge and establish a felony criminal conversion under the omnibus larceny statute.[3]
In view whereof the order appealed from should be, and it is hereby, affirmed; but the cause is remanded with leave to the state to pursue its options in accordance with this opinion.
BOARDMAN and GRIMES, JJ., concur.

. Repealed by c. 74-383, Daws of Florida, 1974.

. (Fla.1976), 332 So.2d 21.

. Id. Cf. also State v. McCurdy (Fla.App.2d, 1972), 257 So.2d 92.