356 So.2d 787 (1978)
Denise TATZEL, Appellant,
v.
STATE of Florida, Appellee.
No. 51265.
Supreme Court of Florida.
March 16, 1978.
*788 Jack O. Johnson, Public Defender, Bartow, and Stephen O. Rushing, Assistant Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
SUNDBERG, Justice.
This cause has been transferred to us by the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County. Because the Judge of the County Court initially and directly passed on the constitutionality of Section 796.07(3)(c), Florida Statutes (1975), by ruling that the statute was not unconstitutionally vague, jurisdiction vests in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
At approximately 12:20 a.m. on January 9, 1975, a detective of the City of Tampa Police Department observed appellant, Denise Tatzel, and a male enter a room in the Harbor Lite Motel. Five minutes thereafter the detective observed, through some open curtains, appellant lying or sitting on the bed clothed only in her brassiere and panties. The officer then entered the room, arrested appellant and her companion, and advised them of their Miranda rights. Ms. Tatzel informed the detective that she had known her companion for quite some time, but later stated that she did not know his name when the officer inquired as to the man's identity. Appellant's companion responded similarly to an inquiry regarding appellant's identity. When appellant was asked if she was a prostitute, she replied in the affirmative. Appellant was issued a summons charging that she "did enter, occupy or remain in Room # 5 of the Harbor Lite Motel for the purpose of lewdness, assignation and prostitution" in violation of Section 796.07(3)(c), Florida Statutes (1975).[1] Appellant filed a motion to dismiss the action, alleging that "the charge is unconstitutional for reasons of vagueness." Relying upon this Court's decision in Bell v. State, 289 So.2d 388 (Fla. 1973), which held that the term "lewdness" in Section 796.07 was not unconstitutionally vague, the trial judge denied the motion to dismiss. At a nonjury trial appellant was found guilty as charged.
Prior to sentencing, appellant filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida, alleging that Section 796.07(3)(c), Florida Statutes (1975), was unconstitutional. The Middle District held that appellant did not have to exhaust her state remedies and stayed all proceedings against appellant in the state court, including sentencing, until further order of the court.
*789 Thereafter, the United States Court of Appeals for the Fifth Circuit reversed the order of the District Court, directing that appellant exhaust her state remedies. The Fifth Circuit noted that appellant was charged under a statute prohibiting lewdness, assignation and prostitution. However, the court determined that it was unclear whether appellant was found guilty of violating each element of the statute or only one. If she was, in fact, found guilty of either prostitution or assignation, then whether the statute as applied to her was constitutional was not decided by this Court in Bell v. State, supra, which merely held that the term "lewdness" was not unconstitutionally vague.
Subsequent to dismissal of appellant's petition for writ of habeas corpus, the county judge erroneously adjudicated appellant guilty of offering to commit prostitution in violation of Section 796.07(3)(a), Florida Statutes (1975), rather than of "enter[ing]... [a] structure, ... for the purpose of prostitution, lewdness, or assignation" under subsection (3)(c) of the statute, as charged. After appellant's appeal was lodged in this Court, we relinquished jurisdiction, permitting the trial court to amend the judgment to adjudicate appellant guilty as charged under subsection (c) of the statute.
Appellant correctly points out that there was no evidence in this case of solicitation of payment for sexual favors. Section 796.07(3)(c) prohibits, inter alia, entering a structure for the purpose of committing prostitution. However, subsection (1)(a) of the statute defines prostitution, in part, as "licentious sexual intercourse without hire." Appellant contends that the term "licentious" does not give persons of ordinary intelligence sufficient notice of the specific conduct proscribed by subsection (3)(c) of the enactment and, therefore, subsection (3)(c) is unconstitutionally vague. We do not accept appellant's proposition and, for the reasons hereinafter enunciated, affirm the trial court's ruling.
It is a basic rule of statutory construction that words of common usage, when used in an enactment, should be construed in their plain and ordinary sense. Pedersen v. Green, 105 So.2d 1 (Fla. 1958); American Bankers Life Assurance Company of Florida v. Williams, 212 So.2d 777 (Fla. 1st DCA 1968); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. 1st DCA 1963). The dictionary defines "licentious" as:
[D]isregarding accepted rules and standards; morally unrestrained, especially in sexual activity.
Webster's New World Dictionary (2d ed. 1976).
Black's Law Dictionary (Rev. 4th ed. 1968) defines "licentiousness" as follows:
The indulgence of the arbitrary will of the individual, without regard to ethics or law... .
Licentious sexual intercourse as proscribed by Section 796.07(3)(c), then, is that which is without regard to and, therefore, is in violation of, the law. As appellant recognizes, Section 798.03, Florida Statutes (1975), prohibits fornication, which is defined as sexual intercourse between an unmarried man or a married man and an unmarried woman. See DeLaine v. State, 262 So.2d 655 (Fla. 1972). Consequently, if an unmarried or married man and an unmarried woman engage in sexual intercourse without hire, they have committed fornication in violation of Section 798.03, Florida Statutes (1975). Since their illicit sexual intercourse would be in violation of Section 798.03, their carnal union would be "without regard to ... law" and would thus constitute "licentious sexual intercourse without hire" as defined in Section 796.07(1)(a), Florida Statutes (1975), and proscribed by subsection (3)(c) of the enactment.
Appellant suggests that even if Section 796.07(3)(c) is not unconstitutionally vague, the evidence presented at trial was insufficient to sustain her conviction under subsection (3)(c) for "enter[ing] ... [a] structure, ... for the purpose of prostitution, lewdness, or assignation." We do not agree with this contention. The arresting officer testified concerning his observation *790 of appellant on a bed in a state of partial undress with a male whose identity she did not know, a few minutes after entering a motel room shortly after midnight, and appellant's admission that she was a prostitute. This testimony constituted sufficient circumstantial evidence to support a finding that appellant entered the Harbor Lite Motel for the purpose of engaging in licentious sexual intercourse without hire and, therefore, was guilty of violation of the statute.
It has been forcefully argued that due to the frequency with which individuals in our contemporary society engage in illicit sexual intercourse which amounts to violation of the law proscribing fornication, it is unreasonable for the State to label that same conduct prostitution with its accompanying connotation. It is urged that these "contemporary persons" unwittingly can become stigmatized out of proportion to their conduct. However, there is no prohibition upon the State classifying the same type of conduct as constituting more than one offense. In such instance, discretion is vested in the State to determine for which offense a prosecution will be made. McDowell v. State, 160 Fla. 588, 36 So.2d 180 (1948); Campbell v. State, 155 Fla. 359, 20 So.2d 127 (1944); McConnell v. State, 298 So.2d 550 (Fla. 2d DCA 1974).
From a policy standpoint, even assuming the merit of appellant's argument, it is not the province of this Court to vary the clear legislative intent expressed in a statute merely because of our belief as to the lack of wisdom of the enactment. See McDonald v. Roland, 65 So.2d 12 (Fla. 1953); Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960). If the citizens of our state believe that Section 796.07(3)(c) is an unwise law, the proper forum in which to seek change is the legislature.
For the reasons herein stated, the ruling of the trial judge upholding the constitutionality of Section 796.07(3)(c), Florida Statutes (1975), and appellant's conviction are affirmed.
ADKINS, Acting C.J., and ENGLAND, HATCHETT and KARL, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent.
There is a vast different between the social stigma resulting from conviction of prostitution and the other offenses resulting from noncommercial sexual misconduct between persons not married to each other. In the public mind, one convicted of prostitution is an outcast who has engaged in the sale of sexual favors.
Under the literal interpretation of the statute persons who engage in pre-marital intercourse hours before their own wedding might be guilty of prostitution. Surely the Legislature never intended such a construction of the statute.
There are no guidelines in the statute as to what sexual conduct without hire constitutes misconduct licentious enough to justify prosecution for prostitution. The obvious vagueness of the word "licentious" as used in the statute violates due process of law guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 9 of the Florida Constitution.
NOTES
[1] § 796.07, Fla. Stat. (1975), reads:

"Prohibiting prostitution, etc.; evidence; penalties; definitions. 
"(1) As used in this section, unless the context clearly requires otherwise:
(a) The term `prostitution' shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire.
(b) The term `lewdness' shall be construed to include any indecent or obscene act.
(c) The term `assignation' shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
(d) The term `prostitution' as used in paragraph (a) shall be construed so as to exclude sexual intercourse between a husband and his wife."
* * * * * *
"(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation.
(b) To solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation with himself or herself.
(c) To reside in, enter, or remain in, any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness, or assignation.
(d) To aid, abet, or participate in the doing of any of the acts or things enumerated in subsections (2) and (3) of this section."
* * * * * *