HERSEY, Judge.
This is an appeal from an order denying a motion to dismiss an Information charging appellant with a violation of Section 812.021 Florida- Statutes (1977). The basis for the motion is that appellant was inappropriately charged under the statute in question in that she should have been charged under Section 409.325 Florida Statutes (1977). The former statute is the general larceny statute and the latter statute pertains to welfare fraud. After denial of her motion to dismiss appellant changed her plea to nolo contendere, reserving the right to appeal the denial of the motion to dismiss. Adjudication was withheld and appellant was placed on probation for three years under certain conditions, one of which was that she “live honorably.” Appellant’s appeal of the order denying her motion to dismiss also attacks this condition as being too vague.
Appellant had been receiving state financial assistance for several years. She was also receiving benefits under the food stamp program. Under both of these programs appellant was required from time to time to report any changes in her financial position. She received unemployment compensation during three months in 1977 and failed to report that fact on reapplications for welfare.
Appellant contends that because the welfare fraud statute specifically proscribes the conduct of which she is accused, it was improper' to charge her under the more general larceny statute. This becomes important in some cases because of the different penalties involved. It is not clear on the facts of this case that appellant would have received a lesser penalty under the welfare fraud statute than she could have received under the larceny statute.
Appellant takes the position that where conduct is proscribed by a general criminal statute and at the same time by a more restrictive or specific criminal statute, a defendant may only be charged under the more specific statute.
Our Supreme Court has spoken to this general question in several recent cases. In Soverino v. State, 356 So.2d 269 (Fla.1978), it was held that a defendant who had committed an assault and battery upon a law enforcement officer could be charged under a statute making such an offense a misdemeanor or another statute making that offense a felony. The court specifically stated at page 272:
The prosecutor is often free to charge the accused under one of a number of statutes which overlap or duplicate one another.
The court held that such discretion did not do violence to appellant’s right to equal protection under the law.
In State v. Young, 371 So.2d 1029 (Fla.1979) the court held that a defendant accused of reckless operation of a motor vehicle resulting in death could be charged either under the general manslaughter statute or under the vehicular homicide statute, despite the fact that the latter statute imposed a less severe penalty.
This Court formerly, held that if conduct constituted a violation of a state criminal statute which was enacted before the State Credit Card Crime Act of 1967 and at the same time constituted a violation of that act, the penal provisions of the State Credit Card Crime Act should govern the sentence if such penal provisions are inconsistent with those which pertain to the offense defined by the earlier law. This was based upon a literal interpretation of the language of Section 817.68, Florida Statutes, which provides that the provisions of the State Credit Card Crime Act of 1967 are not exclusive “unless such provision [of another criminal statute] is inconsistent with the terms of this part.” Lore v. State, 267 So.2d 699 (Fla. 4th DCA 1972); Strada v. State, 267 So.2d 702 (Fla. 4th DCA 1972); *961 and Pastoria v. State, 312 So.2d 808 (Fla. 4th DCA 1975). A different conclusion was reached by each of the First, Second, and Third District Courts of Appeal. In Fayerweather v. State, 332 So.2d 21 (Fla.1976), the Supreme Court resolved the conflict between district courts by holding that conduct which is violative of both the State Credit Card Crime Act and a criminal statute of more general applicability may be punished under either statute even though the general statute imposes a more severe punishment. [We note that the Supreme. Court, at page 22, refers to the case of Gordon v. State, 312 So.2d 809 (Fla.App. 4th 1975). This was undoubtedly intended to be a reference to Pastoria v. State, 312 So.2d 808 (Fla. 4th DCA 1975).]
In Fayerweather the Supreme Court summarized the policy considerations which lead to the conclusion "epitomized by that case in the following language:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in .their penalties. Multiple sentences are even allowed for conduct arising from the same incident. See, e. g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975); Estevez v. State, 313 So.2d 692 (Fla.1975), and Steele v. Mayo, 72 So.2d 386 (Fla.1954). Traditionally, the legislature has left to the prosecutor’s discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
We accordingly hold that appellant in the instant case was properly charged by the Information.
Appellant’s second point on appeal, which questions the propriety of the condition of probation that appellant “live honorably” was recently addressed by this Court. In Norris v. State, 383 So.2d 691 (Fla. 4th DCA 1980) such a condition was expressly disapproved.
We therefore affirm the order denying appellant’s motion to dismiss, reverse that portion of appellant’s probation order requiring that she live honorably and remand with directions that the offending condition be stricken.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED WITH INSTRUCTIONS.
LETTS, C. J., and ANSTEAD, J., concur.