ANSTEAD, Chief Judge,
specially concurring:
Although it appears that the result in this case is controlled by Fayerweather v. State, 332 So.2d 21 (Fla.1976), I do not believe the legislature intended for such a harsh result to occur in enacting the statutes in question here. The appellant wrongfully used another person’s credit card to make four purchases of $25.99, 23.87, 37.96 and 32.23. Section 817.61, Florida Statutes (1981) outlaws the fraudulent use of credit cards. A single violation of this section is punishable as a misdemeanor. If the purchases exceed $100.00 in total under the use of a single credit card over a six month period the crime becomes a felony punishable by a maximum of five years in prison. Appellant’s four purchases all occurred in one day and in total exceeded $100.00. So appellant is faced with a maximum sentence of five years, right? Wrong.
Appellant was prosecuted in four counts under section 831.01, the general forgery statute which was originally enacted in 1868 before credit cards and their misuse was even imagined. Under 836.01 each count, or each purchase (and attendant forgery of the credit card receipt), is punishable by a maximum of five years imprisonment. Appellant was, indeed, sentenced to four consecutive five year sentences for his four unlawful uses of the credit card. The bottom line is that he received a 20 year sentence for what amounts to four counts of petit larceny that, if prosecuted under the credit card statute, would have been punishable by a maximum of five years. Realizing that appellant may well be a genuine bad guy and justly deserving of having the book thrown at him, it simply seems grossly unfair to sanction a 20 year sentence for stealing $120.05 when it appears fairly certain that the legislature intended such conduct to be punished by a maximum five year sentence. This is espe- *1132-1134 dally true in light of the provisions of section 775.02, Florida Statutes, which provide that the provisions of the criminal statutes shall be construed most favorably to the accused.