DAUKSCH, Judge.
This is an appeal from an order dismissing a forgery charge. The trial court ruled “that the forgery provisions of section 831.-01, Florida Statutes, as they pertain to the allegations in the Information filed in this case, are and have been superseded by section 817.481, Florida Statutes, and Part II Chapter 817, Florida Statutes.” We disagree and reverse.
Appellee is accused of having made, altered, forged or counterfeited a Sears Gasoline Credit Card Invoice with the intent to defraud Mayra Willmore in violation of section 831.01, Florida Statutes (1983). We do not know the facts of the case because the dismissal was based only upon the assertion that the credit card statute has somehow superseded the forgery statute as “pertain(s) to the allegations” here.
There is certainly nothing wrong with charging various criminal offenses for one course of conduct. See, for an extreme example, Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). See also Cilento v. State 377 So.2d 663 (Fla. *558 1979); Fayerweather v. State, 332 So.2d 21 (Fla.1976); Smith v. State, 383 So.2d 959 (Fla.4th DCA 1980); State v. Harris, 334 So.2d 674 (Fla.2d DCA 1976). Beyond that, one can violate section 831.01 without violating section 817.481 or Part II Chapter 817, and vice versa. Traditional notions of double jeopardy and legal theories based upon that concept are no longer controlled by the old “single transaction” rule. See Borges v. State, 415 So.2d 1265 (Fla.1982).
But even if this case were to factually fall into the proscriptions of two different statutes, something we do not know because the facts are not before us, there is nothing wrong with the state choosing one statute over the other to prosecute under. Here the state chose the felony rather than the misdemeanor, not unexpectedly. See Fayerweather; State v. McCurdy, 257 So.2d 92 (Fla.2d DCA 1972).
In Fayerweather the defendant was caught with a stolen credit card. Two statutes applied, one the felony of receiving stolen property; the other, the misdemean- or of dealing in stolen credit cards. The court found no problem with charging the greater felony and said:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. (Citation omitted.) Traditionally, the legislature has left to the prosecutor’s discretion which violations to prosecute and hence which range of penalties to visit upon the offender. Section 817.68 of the state Credit Card Crime Act suggests no legislative retreat from this practice. We do not read the section to require exclusive prosecution under this act when the elements of other criminal law are also present. We hold the petitioner was properly convicted and sentenced for knowingly receiving stolen property under section 811.16, Florida Statutes (1973).
332 So.2d at 22.
Appellee filed a cross-appeal saying the court should have granted her motion to dismiss on another ground as well — that the state attorney did not properly certify the charging document. She pleaded to the information and thus waived any alleged technical defect. Fla.R.Crim.P. 3.140(g). We reverse the order dismissing the information and remand this matter for trial.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.