STONE, Judge.
The state appeals an order granting a motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. The defendant is charged with failing to timely return a leased vehicle, although it was returned prior to the filing of the information. Section 817.52(3), Florida Statutes (1985), provides:
(3) FAILURE TO REDELIVER HIRED VEHICLE. — Whoever, after hiring a motor vehicle under an agreement to redeliver the same to the person letting such motor vehicle or his agent, at the termination of the period for which it was let, shall, without the consent of such person or persons and with intent to defraud, abandon or willfully refuse to redeliver such vehicle as agreed shall, upon conviction, be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
The state filed a traverse which, it contends, raised as a disputed fact the issue of whether the car was returned within a reasonable time, and which contested the issues of intent and willful refusal to redeliver the vehicle. In the traverse the state said that it neither admitted nor denied whether the vehicle was returned within a reasonable time. It was the state’s position that return within a reasonable time is not a defense.
The trial court determined that there was no violation of the statute, finding the vehicle was returned within a reasonable time. However, we conclude that the traverse sufficiently placed in contention the issues of intent, reasonable time and willful refusal. See State v. Pugh, 350 So.2d 89 (Fla. 4th DCA 1977); State v. Harris, 334 So.2d 674 (Fla. 2d DCA 1976). See also State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA), rev. denied, 419 So.2d 1199 (Fla.1982) (once state files traverse specifically denying material facts alleged in defendant’s motion to dismiss, trial court has no alternative but to deny motion).
The order granting defendant’s motion to dismiss is reversed and this case is remanded for further proceedings.
DELL and WALDEN, JJ., concur.