521 So.2d 1081 (1988)
STATE of Florida, Appellant,
v.
Robert COGSWELL, Appellee.
No. 70647.
Supreme Court of Florida.
March 10, 1988.
Robert A. Butterworth, Atty. Gen., and Diane E. Leeds and Eddie J. Bell, Asst. Attys. Gen., West Palm Beach, for appellant.
George T. Pallas of the Law Offices of George T. Pallas, Miami, for appellee.
OVERTON, Justice.
This is an appeal from State v. Cogswell, 504 So.2d 464 (Fla. 4th DCA 1987), in which the district court held that section 849.25, Florida Statutes (1985), dealing with bookmaking, "is constitutionally invalid as a due process and equal protection violation to the extent that it permits the prosecution as a felony of the same conduct treated as a misdemeanor by section 849.14, Florida Statutes (1985)." Id. at 465. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find the statute constitutional and reverse.
The relevant facts reflect that Cogswell was charged with nine counts of bookmaking under section 849.25(1) (2), Florida Statutes (1985).[1] These charges arose from Cogswell's allegedly receiving nine football betting cards, along with thirtyfour dollars. Cogswell filed a motion to declare section 849.25 unconstitutional, claiming that the conduct proscribed by that section, a felony, was indistinguishable from the conduct proscribed by section 849.14,[2] a misdemeanor. He asserted that the absence of standards differentiating the felony as opposed to the misdemeanor *1082 offense rendered section 849.25 susceptible to arbitrary, capricious, and discriminatory application by the prosecutor. The trial judge agreed, granted the motion to dismiss, and declared the statute unconstitutional. On appeal, the district court affirmed, finding that "[t]he same prohibited conduct of `taking or receiving a bet' may be prosecuted under either statute, depending upon the discretion of the prosecutor." 504 So.2d at 465. The district court relied on our decision in Soverino v. State, 356 So.2d 269 (Fla. 1978), where we noted that a defendant "might have an equal protection argument if a violation of the misdemeanor statute invariably constituted a violation of the felony statute." Id. at 272 n. 2.
In accordance with the United States Supreme Court decision in United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), and our decision in Fayerweather v. State, 332 So.2d 21 (Fla. 1976), we find the statute constitutional. In Batchelder, Justice Marshall, for a unanimous United States Supreme Court, held:
[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements... . The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.
442 U.S. at 125, 99 S.Ct. at 2205 (citations omitted). The Court rejected as legally unsound the argument that, when two statutes prohibit exactly the same conduct but have disparate penalties, the prosecutor's selection between the two statutes would be unfettered, and such prosecutorial discretion would produce unequal justice and a constitutional violation.
In Soverino, decided a year prior to Batchelder, we noted the equal protection argument but left the question open. That question has now been firmly and unequivocally answered in Batchelder. In Fayerweather v. State, 332 So.2d 21 (Fla. 1976), we considered "whether conduct which violates both the State Credit Card Crime Act, Section 817.60(1), (3), Florida Statutes 1973, and the provision making it unlawful to receive stolen property, Section 811.16, Florida Statutes 1973," could be punished under the latter, more severe punishment. Id. at 22. In approving the more severe sentence, we stated:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. Traditionally, the legislature has left to the prosecutor's discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
Id. (citations omitted).
In upholding the constitutionality of section 849.25, Florida Statutes (1985), we are mindful that the act has been amended by the 1987 legislature to include more elements and to clearly separate it from section 849.14, Florida Statutes (1985).[3] That change does not affect the legal principle before this Court or the offense with which this defendant was charged.
Accordingly, we reverse the decision of the district court of appeal and direct that the cause be remanded for the trial of the appellant under section 849.25, Florida Statutes (1985).
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 849.25 provides:

849.25 "Bookmaking" defined; penalties; exceptions. 
(1) The term "bookmaking" means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
(2) Any person who engages in bookmaking shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Notwithstanding the provisions of s. 948.01, any person convicted under the provisions of this subsection shall not have adjudication of guilt suspended, deferred, or withheld.
... .
[2] Section 849.14 provides:

849.14. Unlawful to bet on result of trial or contest of skill, etc.  Whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast, or whoever receives in any manner whatsoever any money or other thing of value staked, bet or wagered, or offered for the purpose of being staked, bet or wagered, by or for any other person upon any such result, or whoever knowingly becomes the custodian or depositary of any money or other thing of value so staked, bet, or wagered upon any such result, or whoever aids, or assists, or abets in any manner in any of such acts all of which are hereby forbidden, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[3] See ch. 87-243, Laws of Fla., effective Oct. 1, 1987.