FERGUSON, Judge.
The question presented in this appeal was answered in State v. Cogswell, 521 So.2d 1081 (Fla.1988), which issued after most of the appellees had filed answer briefs. There it was held that section 849.-25, Florida Statutes (1985), which gives a prosecutor the discretion to charge a single act of bookmaking as either a felony or a misdemeanor, is not unconstitutional.
One of the appellees, whose brief was prepared after Cogswell was filed, argues a reliance theory — that the supreme court decision should not be given retroactive effect to convict since (1) the alleged criminal conduct occurred after the trial court in State v. Cogswell had declared the statute unconstitutional, and (2) the trial court in this case declared the statute unconstitutional on the authority of that case. It is conceded by the appellee, however, that the State’s appeal from the Broward County trial court’s ruling in the Cogswell case was pending when the subject bookmaking offenses occurred.
On this point we note, in accordance with settled principles of Florida law, that where there is a change of law between the trial of a case and the final disposition of the appeal, the appellate court must apply the law as it exists at the time of final disposition. Lowe v. Price, 437 So.2d 142 (Fla.1983); City of Miami v. Harris, 490 So.2d 69 (Fla. 3d DCA 1985); Florida E. Coast Ry. Co. v. Rouse, 194 So.2d 260 (Fla.1966). Where a decision holding a statute unconstitutional is subsequently overruled by the highest tribunal, the statute is valid from the date of its enactment. State ex rel. Gillespie v. Bay County, 112 Fla. 687, 151 So. 10 (1933); Hampton v. A. Duda & Sons, Inc., 511 So.2d 1104 (Fla. 5th DCA 1987).
The order declaring section 849.25 unconstitutional is reversed and the cause is remanded for trials.