PER CURIAM.
Xavier Evans appeals the denial of his rule 3.850 motion without evidentiary hearing or attachment of record excerpts refuting his allegations. He also appeals an order that denied his motion to disqualify the assigned judge and the statewide prosecutor. We affirm the denial of the motion to disqualify, but reverse the order denying the posteonvietion motion and remand for evidentiary hearing or for attachment of excerpts from the trial record that conclusively refute the allegations in the motion.
The state’s response to the motion and the attachments thereto were part of the record on appeal, but could not be considered as a basis for denial because they were neither attached to nor referenced in the order denying relief. We note that the transcript of the jury voir dire would have conclusively refuted the appellant’s allegation that he was not present during the exercise of peremptory strikes, had it been made part of the court’s order. The failure to physically attach the transcript would not have required reversal on this point if the court had stated in its order that it had reviewed the state’s response. See Grimes v. State, 642 So.2d 145 (Fla. 4th DCA 1994). However, the order does not mention the response.
The appellant’s second ground for relief was that his trial counsel was ineffective for failing to request a jury instruction pursuant to Florida Statutes section 90.803(18)(e). The state’s legal arguments below did not adequately refute this claim and the brief excerpt of trial testimony attached to the state’s response would not have been sufficient to disprove appellant’s claim that he was prejudiced by counsel’s *768 omission, even if it had been incorporated in the order.
REVERSED AND REMANDED.
DELL, KLEIN and SHAHOOD, JJ., concur.