KLEIN, J.
The trial court denied appellant’s rule 3.800(a) motion alleging that his sentence is illegal. The illegality, according to appellant, results from the fact that he was sentenced for committing armed burglary of a dwelling where the jury made no finding that he possessed a weapon. We affirm.
The offense in this case was committed in April, 1982, and the sentence appellant received for armed burglary was seventy-five years, which did not exceed the maximum sentence of life permitted by section 810.02(2)(a)(b), Florida Statutes (1981), for armed burglary of a dwelling.
Under analogous circumstances, the third district has held that this type of claim does not raise the illegality of a sentence, but rather challenges the sufficiency of the jury verdict to support the reclassification of a crime because of the possession of a weapon. Chanquet v. State, 646 So.2d 834 (Fla. 3d DCA 1994). See also State v. Moten, 698 So.2d 1345 (Fla. 5th DCA 1997)(a sentence which may have been improperly enhanced because the sale of the controlled substance was within 200 feet of a public housing facility is not an illegal sentence). Although the second district came to the opposite conclusion in White v. State, 688 So.2d 1005 (Fla. 2d DCA 1997), we agree with Chan-quet and Moten. Affirmed.
STEVENSON and GROSS, JJ„ concur.