885 So.2d 911 (2004)
Richard Wayne COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2736.
District Court of Appeal of Florida, Fifth District.
September 24, 2004.
Rehearing Denied November 4, 2004.
Richard Wayne Cook, Jasper, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Richard Wayne Cook appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In 1999, Cook pled no contest to carrying a concealed weapon by a convicted felon, battery, and improper exhibition of a dangerous weapon, and was sentenced to an extended term in prison as an habitual felony offender. In his Rule 3.800(a) motion, Cook contends that his sentence is illegal because the razor knife used in the crimes does not fall within the statutory definition of a weapon, because of the length of the blade.
The trial court denied Cook's motion, finding that the error raised is not apparent on the face of the record, and, therefore, is not cognizable in a Rule 3.800(a) motion. We agree. Cook is challenging his convictions, not his sentences, and such a claim cannot be asserted in a Rule 3.800(a) motion. See e.g., State v. Williams, 854 So.2d 215 (Fla. 1st DCA 2003), review denied, 869 So.2d 541 (Fla.2004); State v. Moten, 698 So.2d 1345 (Fla. 5th DCA 1997), review dismissed, 799 So.2d 218 (Fla.2001).
Finding no error in the trial court's order, we affirm.
AFFIRMED.
SHARP, W. and PETERSON, JJ., concur.