PER CURIAM.
We affirm the denial of appellant’s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). It raises an issue not cognizable on a motion to correct an illegal sentence, because he is attacking the judgment, not the sentence. See Anderson v. State, 758 So.2d 1156 (Fla. 4th DCA 2000). Treated as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, the motion is untimely, and even considering the substance, his claim is meritless. He contends that the judge, state attorney, and sheriff acted without jurisdiction because they did not have on file a required oath of office. Such a challenge must be timely, and must be brought by a direct quo warranto proceeding. See Johnson v. Office of State Attorney, 987 So.2d 206 (Fla. 5th DCA 2008). To the extent that he claims that the information was not properly signed or verified, his claims do not raise a ground for postcon-viction relief. See Logan v. State, 1 So.3d 1253 (Fla. 4th DCA 2009).

Affirmed.

WARNER, STEVENSON and GERBER, JJ., concur.