PER CURIAM.
We affirm the summary denial of appellant’s motion for postconviction relief.
As to claims of lack of jurisdiction because of lack of oaths of officials, see Calixte v. State, 53 So.3d 385 (Fla. 4th DCA 2011). As to claims regarding failure to argue the motion to quash the information, the pro se motion to quash was filed, adopted by counsel, and could have been raised as an issue on appeal. It was not, because it was entirely meritless. See Fla. R.Crim. P. 3.140(g) and State v. Weir, 488 So.2d 557, 558 (Fla. 5th DCA 1986). As to the failure to strike the juror for cause, not only did appellant affirmatively accept the jury without exhausting his peremptory challenges, but postconviction relief is un *366 available as to this juror. See Carratelli v. State, 961 So.2d 312, 318-19 (Fla.2007).
Appellant’s further claims of improper closing argument are conclusively refuted by the record, as the comments raised by appellant, when placed in context, are not error. Moreover, prejudice has not been shown pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his claim that his sentence violated double jeopardy, he has already raised this issue in an appeal of a motion to correct an illegal sentence, and we affirmed his sentence. Because the two counts involved separate intended victims, double jeopardy does not prohibit consecutive sentences. See Mauldin v. State, 9 So.3d 25, 28 (Fla. 4th DCA 2009). The remaining claim that appellant argues in his brief (lack of jurisdiction because he is not a citizen of this country) is meritless.
Appellant has waived the challenge to all other claims by not specifically raising them in his brief. See, e.g., Boudreaux v. State, 45 So.3d 36, 37 (Fla. 1st DCA 2010). Nevertheless, we have reviewed them and find the remaining claims to be legally insufficient to warrant an evidentia-ry hearing, even after the court permitted him leave to amend pursuant to Spera v. State, 971 So.2d 754, 757 (Fla.2007).
Appellant’s claim that the judge showed bias by granting continuances to the state to give it more time to respond to his motion is also meritless,, as the mere granting of continuances properly sought is legally insufficient to show bias or prejudice toward the state.
Finally, appellant claims that the trial court’s order was legally insufficient because it adopted and attached the state’s response. The rules do not preclude a trial court from incorporating a response from the state into the trial court’s ruling, if the state has provided those portions of the record refuting the prisoner’s claims with particularity and has attached the pertinent portions of the record. See Evans v. State, 731 So.2d 766, 767 (Fla. 4th DCA 1999).
For all of the above reasons, the trial court’s order is affirmed.
WARNER, POLEN and LEVINE, JJ„ concur.