UNITED STATES of America, Plaintiff-Appellee,

v.

Gloria Young WALLER, Defendant-Appellant.

No. 74–1324.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 4, 1974.

Decided Oct. 16, 1974.

Norbert L. Wyss and Harold W. Myers, Fort Wayne, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before CUMMINGS, STEVENS and TONE, Circuit Judges.

**PER CURIAM.**

The defendant Gloria Young Waller was convicted in a bench trial under an indictment charging that she "knowingly and intentionally did distribute" five packets of heroin, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Her principal contention on this appeal is that the indictment charged her with "the actual distribution" of the heroin, and therefore she could not be convicted on proof that the heroin was physically handed to the purchaser by defendant's daughter at defendant's direction. Defendant also contends that the Government's proof is deficient because it does not show that she had knowledge of the presence of the heroin and power to exercise dominion and control over it, or that she had a right to exclude others from the house where the transaction took place or the room from which the daughter obtained the heroin.

The Government offered the testimony of an informant that on the date charged in the indictment he met the defendant at her residence, where three or four other people, including defendant's young daughter, were present. After some hesitation, defendant agreed to sell the informant six "bags" for $85, and she told her daughter "to go get them and bring them back." The daughter left the room, returned with six bags which contained heroin, and without further instruction from her mother handed them to the informant. The informant further testified that on previous occasions he had purchased heroin from the defendant.

This evidence, taken in the light most favorable to the Government, proves that the defendant did knowingly and intentionally distribute heroin. First, if more were needed than the circumstances of the transaction itself, defendant's previous dealings in heroin tend to show that she knew the bags contained heroin. Second, defendant exercised sufficient control over the transaction to be the principal in the sale. According to the evidence, she and no one else negotiated the sale and caused her daughter to deliver the bags containing heroin by her instructions to "go get them and bring them back." The Government's failure to prove that defendant exercised exclusive control over the place of sale, the storage place of the heroin, or the heroin itself is of no consequence. She had sufficient control over the heroin to cause it to be distributed to the informant, and that is all the statute requires.

Defendant's contention that, because she did not physically hand the heroin to the purchaser, she did not "distribute" it is without merit. The defendant's conduct constituted a constructive transfer of the heroin and was therefore prohibited by 21 U.S.C. § 841(a)(1), which is a part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. That subsection, which substitutes new language for the comparable provision of former 21 U.S.C. § 174, makes it unlawful "to . . . distribute . . . a controlled substance." The word "distribute" is defined as meaning "to deliver," and "deliver" is defined as meaning "the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship." 21 U.S.C. § 802(8) and (11). Accordingly, a constructive transfer of a controlled substance constitutes

distribution under section 841(a)(1). Clearly defendant constructively transferred the heroin to the informant by causing her daughter to hand it to him.

The judgment of the District Court is affirmed.

Affirmed.