377 So.2d 663 (1979)
Rafael CILENTO, Appellant,
v.
STATE of Florida, Appellee.
No. 53214.
Supreme Court of Florida.
November 21, 1979.
*664 William P. Cagney, III, and G.P. Della Fera, Miami, for appellant.
Jim Smith, Atty. Gen., and Ronald A. Dion, Asst. Atty. Gen., Miami, for appellee.
OVERTON, Justice.
Rafael Cilento, a medical doctor licensed to practice in Florida, was convicted in circuit court pursuant to plea of nolo contendere of selling or delivering a controlled substance in violation of section 893.13(1)(a), Florida Statutes (1975). In a motion to transfer appellant challenged the circuit court's jurisdiction, contending that the information charged no more than a misdemeanor. By motion to dismiss he challenged the constitutionality of the statute under which he was charged. When he changed his plea to nolo contendere, the appellant specifically reserved the right to appeal the court's rulings on these two legal issues. In denying the motion to dismiss, the trial court passed upon the constitutionality of the statute, giving this Court jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const.
The information charged, in pertinent part, that Dr. Cilento "did unlawfully and feloniously sell or deliver to [a named individual], by means of a prescription issued in bad faith and not in the course of professional practice, a controlled substance, to wit: methaqualone... ."
Section 893.03(3)(a)(6) classifies methaqualone as a Schedule III substance, sale or delivery of which is a third-degree felony *665 under section 893.13(1)(a)(2). To distribute or dispense a controlled substance is made a misdemeanor of the first degree by section 893.13(2)(a), (b). Section 893.05(1) provides that: "A practitioner, in good faith and in the course of his professional practice only, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance ... ."
Appellant has two contentions in reference to the constitutionality of the statute. He contends that the inclusion of methaqualone as a controlled substance in chapter 893 is unconstitutional because the legislature acted without a sufficient factual basis. He also contends that the legislature's action in putting methaqualone on the list constitutes an unlawful delegation of legislative authority.
Appellant points out that chapter 893 is modeled after the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970. Pub.L.No. 91-513, 84 Stat. 1242 (1970).[1] The Florida law was enacted in 1973 and adopted the schedules of controlled substances in the federal law, with some variations. Appellant maintains that there were no independent fact-finding efforts in Florida on the merits of controlling the various enumerated substances. Therefore, he concludes, the legislature's action in controlling methaqualone was arbitrary and denies due process. Appellant's argument on this point is unsound. Acts of the legislature are presumed to be constitutional. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281 (1934); State v. Gale Distributors, 349 So.2d 150 (Fla. 1977); State v. Bales, 343 So.2d 9 (Fla. 1977). Where a factual predicate is necessary to the validity of an enactment, it is to be presumed that the necessary facts were before the legislature. As we stated in Bales:
If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends. United States v. Carolene Products Co., 304 U.S. 144, 154, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Questions as to wisdom, need or appropriateness are for the Legislature. Olsen v. State of Nebraska, ex rel. Western Reference & Bond Ass'n, 313 U.S. 236, 246, 61 S.Ct. 862, 85 L.Ed. 1305 (1941)... .
343 So.2d at 11. Thus, the constitution does not limit the legislature to particular methods for acquiring knowledge. This being so, we find no constitutional inadequacy in the procedure used by the legislature in this instance. Owen v. Cheney, 238 So.2d 650 (Fla. 2d DCA 1970).
Appellant's contention that this case presents a meritorious delegation of authority issue is likewise unsound. When chapter 893 went into effect in 1973, it included methaqualone on one of its schedules of controlled substances. Methaqualone was not a controlled substance under the federal law at that time. It was, however, listed in the Federal Register by the United States Drug Enforcement Administration as a substance that should be controlled. Appellant contends that for the legislature to look to a federal agency classification such as this in regulating a substance violates the rule of law announced in State v. Welch, 279 So.2d 11 (Fla. 1973), and Freimuth v. State, 272 So.2d 473 (Fla. 1972). In those cases we held that the Florida legislature cannot enact a statute which prospectively delegates authority to the federal government by incorporating future federal statutory or administrative action classifying controlled substances. Clearly, this principle is inapplicable to the case at bar. Here the classification by the federal agency preceded the legislative action and presumably was part of the impetus for controlling the drug. But this is not a case where the legislature attempted to control "any other drug to which the drug abuse laws of the United States apply... ." 272 So.2d at 474.
The final issue on appeal is whether the appellant was properly charged with a felony. Section 893.13, Florida Statutes (1975), which defines "prohibited acts" under the controlled substances law, does not explicitly cover the conduct of a medical doctor who issues a prescription for a controlled *666 substance outside the course of his professional practice. Section 893.13(1)(a) makes it unlawful for any person to "sell, manufacture, or deliver, a controlled substance." Subsection (1)(a) goes on to indicate the degree of offense committed by a violator, depending on which controlled substance is involved. By virtue of its classification, sale or delivery of methaqualone is a felony. Section 893.13(2)(a)(1) makes it unlawful for any person to "distribute or dispense" a controlled substance, and section 893.13(2)(b) makes this offense a misdemeanor. Appellant would have us conclude that on the face of the statute it is unclear whether either subsection (1) or subsection (2) was intended to cover the conduct at issue and the statute is therefore inapplicable or, at most, that a physician can be convicted only of a misdemeanor under 893.13(2).
We reject the argument that the legislature has not made clear an intent to penalize the instant conduct at all. A statute should be construed so as to give effect to each and all of its provisions. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 So. 595 (1917). Section 893.05(1) provides that a medical doctor may "in good faith and in the course of his professional practice only ... prescribe, administer, dispense, mix, or otherwise prepare a controlled substance... ." This proviso would not be in the act unless it were intended that a prescription given in bad faith, or outside the doctor's professional practice, be penalized. This provision is "a necessary exception to the imposition of criminal penalties for the conduct proscribed under Section 893.13." State v. Weeks, 335 So.2d 274 (Fla. 1976).
The information filed against appellant charged that he "did unlawfully and feloneously sell or deliver [quaaludes] . . by means of a prescription issued in bad faith and not in the course of professional practice... ." Through his plea of nolo contendere, appellant has conceded that he did in fact so sell or deliver quaaludes. It appears clear to us that such conduct constitutes a violation of 891.13(1)(a). The admitted facts do form an accurate basis for the charging of this felony. Status as a physician does not in some way immunize one from charges of selling. Rather, whether the physician's or other individual's conduct amounts to selling or merely dispensing is a function of the particular facts of the case. Appellant argues that this result is irrational in that it is susceptible to both felony and misdemeanor penalties, to be finally determined at the discretion of the prosecutor. The fact that certain conduct might violate more than one criminal provision does not necessarily render it invalid. Fayerweather v. State, 332 So.2d 21 (Fla. 1976). Appellant, as a physician, is capable of violating either or both of the provisions, 893.13(1) and 893.13(2).
We find that section 893.13 is constitutional and that the information did properly charge the appellant with felonious violation of section 893.13(1). The judgment of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur with that portion of the Court's opinion that finds the statute to be constitutional. I dissent, however, from the majority's decision holding that the appellant was properly charged with and convicted of a felony.
Section 893.13, Florida Statutes (1975), which defines "prohibited acts" under the controlled substances law, does not explicitly cover the conduct of a medical doctor who issues a prescription for a controlled substance in bad faith and outside the course of his professional practice. I agree, however, for the reasons stated by the majority, that such conduct is intended to be punishable under section 893.13. The question the appellant presents is whether it is punishable as a felony or as a misdemeanor.
*667 Section 893.13(1)(a) makes it unlawful for any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Subsection (1)(a) goes on to indicate the degree of offense committed by a violator, depending on which controlled substance is involved. By virtue of its classification, sale or delivery of methaqualone is a felony. Section 893.13(2)(a)1. makes it unlawful for any person to "distribute or dispense" a controlled substance and section 893.13(2)(b) makes this offense a misdemeanor.
The definitions in section 893.02 provide the following guidance:
(4) "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
(5) "Dispense" means the transfer of possession of one ore more doses of a medicinal drug by a pharmacist or other licensed practitioner to the ultimate consumer thereof or to one who represents that it is his intention not to consume or use the same but to transfer the same to the ultimate consumer or user for consumption by the ultimate consumer or user.
(6) "Distribute" means to deliver other than by administering or dispensing, a controlled substance.
Appellant argues that for a medical practitioner to enable a person to obtain a controlled substance by means of an unlawful prescription cannot constitute a felony because it is not a sale, as commonly understood, or a delivery, as defined in the statute.
On the other hand, it might be argued that since "delivery" is defined as the "actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship," the conduct in question is covered by this term. The definition of "delivery" appears to be designed to make clear that a person can "deliver" through another even though legally there is no agency relationship and can "deliver" even though he only has constructive possession of the controlled substance. These considerations, however, do not resolve the ambiguity.
Florida's controlled substances law was modeled after the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970. Pub.L.No. 91-513, 84 Stat. 1242 (1970); 21 U.S.C.A. §§ 801-966. Therefore it is proper, in resolving the ambiguity appearing in the statute, for us to turn for guidance to decisions of federal courts construing the federal act. State ex rel. Feldman v. Kelly, 76 So.2d 798 (Fla. 1955); State ex rel. Packard v. Cook, 108 Fla. 157, 146 So. 223 (1933).
An examination of both the federal and the Florida controlled substances laws reveals that the two enactments are not strictly parallel, particularly the sections defining criminal offenses. Therefore, on the issue at hand  whether the conduct in question is a felony or a misdemeanor  federal decisions will provide no real guidance. See Winchester v. State for use and benefit of Florida Electric Supply Inc., 134 So.2d 826 (Fla. 2d DCA 1961). But federal cases construing the definitional language of the federal act indicate generally that the conduct of a doctor who issues a bad faith prescription constitutes dispensing or distributing rather than delivery or sale. United States v. Tighe, 551 F.2d 18 (3d Cir.) cert. denied 434 U.S. 823, 98 S.Ct. 68, 54 L.Ed.2d 80 (1977); United States v. Black, 512 F.2d 864 (9th Cir.1975); United States v. Waller, 503 F.2d 1014 (7th Cir.1974) cert. denied 420 U.S. 932, 95 S.Ct. 1137, 43 L.Ed.2d 406 (1975); United States v. Badia, 490 F.2d 296 (1st Cir.1973); United States v. Leigh, 487 F.2d 206 (5th Cir.) reh. denied 488 F.2d 1055 (1974); United States v. Collier, 478 F.2d 268 (5th Cir.1973); United States v. Bartee, 479 F.2d 484 (10th Cir.1973). Still, in view of the differences between the two enactments, the ambiguity remains.
The Court says that since the information charged that the appellant did "sell or deliver" the methaqualone, his nolo contendere plea admitted sale or delivery as a *668 matter of fact. By pleading nolo, the appellant admitted that he issued a prescription for methaqualone in bad faith and not in the course of his professional practice. He raised and preserved for appeal the legal question of whether, in view of statutory ambiguity, the admitted conduct constitutes a felony or a misdemeanor.
A plea of nolo contendere relieves the state of the burden of proving factual matters. Hand v. State, 334 So.2d 601 (Fla. 1976); State v. Ashby, 245 So.2d 225 (Fla. 1971). The question of whether the admitted conduct is intended to be treated as a felony or as a misdemeanor is a legal question which the appellant raised in the court below. Just as a stipulation on a matter of law is not binding on a court, Anderson v. Anderson, 44 So.2d 652 (Fla. 1950), a nolo plea does not foreclose properly preserved legal issues. "Admissions" by parties go to factual and not legal matters. See Seaboard Coast Line R. Co. v. Nieuwendaal, 253 So.2d 451, 453 (Fla. 2d DCA 1971) (Mann, J., dissenting).
Penal statutes are to be strictly construed. Where a penal statute contains an ambiguity that leaves doubt as to its meaning, so that it is susceptible of two different constructions, the one which operates in favor of the life or liberty of the accused is to be preferred. See, e.g., Whitehurst v. State, 105 Fla. 574, 141 So. 878 (1932); Ex parte Bailey, 39 Fla. 734, 23 So. 552 (1897).
I would hold, therefore, that section 893.13 punishes the conduct at issue as a misdemeanor. The information charged only a misdemeanor, so the circuit court was without jurisdiction to accept the appellant's plea. The judgment should be vacated and the case remanded with directions that the information be dismissed so that prosecution can be initiated in county court.
NOTES
[1] 21 U.S.C.A. §§ 801-966.