399 So.2d 128 (1981)
FOREMOST INSURANCE COMPANY, etc., Appellant,
v.
William H. MEDDERS et Ux., Appellees.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, etc., Appellant,
v.
William H. MEDDERS et ux., Appellees.
Nos. 79-408, 79-418.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
*129 William A. Parsons of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for appellant Foremost Ins. Co.
Robert Elton of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellant Florida Farm Bureau Mut. Ins. Co.
John R. Godbee, Jr. of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A., Daytona Beach, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from a judgment awarding plaintiffs money damages from two insurance companies under the provisions of the valued policy law. Sec. 627.702, Fla. Stat. (1977). We find that the trial court incorrectly found plaintiffs' mobile home to be real property under the provisions of this law and reverse.
Plaintiffs' mobile home was destroyed by fire on August 11, 1978. At the time of this loss, it was insured under two policies. Plaintiffs first obtained insurance coverage for actual cash value from Foremost Insurance Company when they bought their mobile home. Approximately four months later, they bought a second insurance policy for the same mobile home from Florida Farm Bureau Mutual Insurance Company with a cash value not to exceed $30,000.00. Both policies had other insurance clauses for lesser exposure if other insurance existed.
After the fire loss plaintiffs sued both insurance companies for the full coverage under each policy. After a non-jury trial the court found section 627.702, Florida Statutes (1977), to be controlling; the mobile home was real property; the other insurance clauses contained within the insurance policies were invalid because they were contrary to this statute; and plaintiffs were entitled to recover the full amount of insurance coverage provided by each policy for the loss of their mobile home.
Section 627.702, Florida Statutes (1977), stated that the valued policy law applied to buildings and structures. However, this statute specifically provided in subsection (4) that it did "not apply as to personal property or any interest therein." Although this statute does not expressly state whether mobile homes are real or personal property, as will be discussed, subsequent legislative changes and rules of statutory construction lead us to conclude that the 1977 law considered mobile homes to be personal property. Thus they were exempted from the purview of section 627.702, Florida Statutes (1977), by reason of subsection (4).
At the time of plaintiffs' loss, section 320.01, Florida Statutes (1977), defined "mobile home" as any type of trailer or vehicle body without independent motive power designed for travel or housing. This definition was revised in 1978[1] to mean a transportable structure designed to be used *130 as a dwelling. This change suggests that the Legislature was reclassifying a mobile home from personal property to real property.
This new definition is important for our consideration of the valued policy law because the 1979 legislative amendment to section 627.702 refers to this new definition of mobile home. Ch. 79-237, § 1, Laws of Fla. Subsection (1) was amended from only applying to total losses of "any building or structure" to apply to losses of "any building or structure or mobile home as defined in s. 320.01(2)... ." Sec. 627.702(1), Fla. Stat. (1979). (Emphasis added). The use of the disjunctive word "or" rather than a conjunctive connector suggests that the words "building or structure" did not include mobile homes. See Telophase Soc. of Fla., Inc. v. State Bd. of Funeral Directors & Embalmers, 334 So.2d 563 (Fla. 1976).
This same legislative amendment added language to except mobile homes from the personal property exclusion:
(4) This section shall not apply as to personal property or any interest therein, except with respect to mobile homes as defined in s. 320.01(2) ....
Ch. 79-237, § 1, Laws of Fla. In addition, these changes were accompanied by considerable new language concerning mobile homes.
In order to give meaning to all of these changes[2] and all of the parts of section 627.702,[3] it must be concluded that mobile homes were considered to be personal property under the 1977 valued policy law. Since personal property was excluded from the provisions of this act, the trial court erred in finding the other insurance clauses to be contrary to section 627.702, Florida Statutes (1977). These clauses are valid and enable these insurance companies to apportion the loss.
The judgment is reversed and this cause remanded to the trial court for proper assessment of damages.
REVERSED AND REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Ch. 78 221, § 1, Laws of Fla.
[2] "[W]hen a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment." Reino v. State, 352 So.2d 853, 861 (Fla. 1977).
[3] "A statute should be construed so as to give effect to each and all of its provisions." Cilento v. State, 377 So.2d 663, 666 (Fla. 1979). See also State v. Rodriquez, 365 So.2d 157 (Fla. 1978).