FRANK D. UPCHURCH, Jr., Judge.
Appellant, Independent Fire, appeals from a summary final judgment holding it liable for the policy limits on a policy covering the contents of appellee’s mobile home. The only issue presented by this appeal is whether section 627.702, Florida Statutes (Supp.1980), applies to an insurance policy covering the contents of a mobile home.
The policy issued by appellant insured the contents of appellee’s mobile home for up to $6,000. The mobile home and its contents were totally destroyed by fire. Appellee successfully contended in the trial court that section 627.702, the Valued Policy Law, applies. This law provides in effect that where there is a total loss by fire or lightning of any building or mobile home, the insurer’s liability under the policy for such total loss shall be in the amount for which such property was insured, as specified in the policy. Appellee argued that it was not necessary to prove the value of the contents when there was a total loss. Appellee did not offer any proof as to the nature of the mobile home’s contents or their value in support of her motion for summary judgment. We REVERSE.
The Valued Policy Law specifically exempts personal property from its operation. Under the pre-1979 statute, mobile homes were considered personal property and were therefore exempt from the statute. Foremost Insurance Co. v. Medders, 399 So.2d 128 (Fla. 5th DCA 1981). In 1979 and 1980, the statüte was amended to specifically include mobile homes within its purview.[1]
Appellee argues that the amendments to the statute, especially subsection (5), reflect a legislative intent to include a mobile home and its contents within the ambit of the Valued Policy Law. Appellee’s argument is that the contents of mobile homes should be *407 treated differently than the contents of other buildings or structures. She contends that a mobile home and its contents logically should be treated as a unit because in most cases, mobile homes are built, furnished and sold as a unit. However, subsection (5) speaks of both mobile homes and factory-built housing. Appellee has not suggested any rationale for including within the Valued Policy Law the contents of factory-built housing but not that of other types of housing.
The language of the policy is consistent with an interpretation that the contents of a mobile home do not come within the Valued Policy Law. The policy provided:
[T]his Company Does Insure... to the extent of the actual cash value of the property at the time of the loss. . . .In no event shall the payment for any one loss exceed the maximum amount stated in said Declarations .. .
The language of the policy clearly provides that the company insured only to the extent of the cash value of the property at the time of the loss. The insurance company has no practical way of assuring that the contents of the mobile home at the time of the loss are the same as when initially insured because an owner could have removed all or part of the contents, or exchanged or replaced the contents initially insured for other furnishings.
We are unable to interpret the language of the statute to treat the contents of a mobile home differently from the contents of any other structure. We conclude that the purpose of the Legislature in amending the statute was to treat mobile homes and factory-built housing in the same manner as other buildings and structures. The burden of establishing the amount of one’s loss is no greater in the case of the contents of a mobile home than of any other building. We therefore REVERSE.
SHARP and COWART, JJ., concur.

. Section 627.702, Florida Statutes (Supp. 1980), provides in relevant part:
(1) In event of total loss by fire or lightning of any building or structure or mobile home as defined in s. 320.01(21 or factorv-built housing as defined in s. 553.36(4') located in this state and insured by any insurer as to such perils, in the absence of any change increasing the risk without the insurer’s consent and in the absence of fraudulent or criminal fault on the part of the insured or one acting in his behalf, the insurer’s liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy and for which premium has been charged and paid.
******
(5) This section shall not apply as to personal property or any interest therein, except with respect to mobile homes as defined in s. 320.01(21 or factory built housing as defined in s. 553.36(41. (Changes underlined.)