860 P.2d 1326

**The STATE of Arizona,
Appellee/Respondent,**

**v.**

**Larry Erving PULS,
Appellant/Petitioner.**

**Nos. 2 CA–CR 91–0522, 2
CA–CR 92–0749–PR.**

Court of Appeals of Arizona,
Division 2, Department A.

May 28, 1993.

Reconsideration Denied and
Redesignated as Opinion July 27, 1993.

Review Denied Nov. 10, 1993.

**274**

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric J. Olsson, Tucson, for appellee/respondent.

Harold L. Higgins, Jr., Tucson, for appellant/petitioner.

## OPINION

PER CURIAM.

Appellant was convicted by a jury of one count of unlawful transfer of a narcotic drug and sentenced to a mitigated term of 5.25 years' imprisonment. On appeal he contends that the trial court erred in denying his motion for a directed verdict and in instructing the jury. He also claims that the evidence does not support his conviction. In his petition for post-conviction relief under Ariz.R.Crim.P. 32, 17 A.R.S., he asked for a new trial based on new evidence. His petition for review of the summary denial of post-conviction relief has been consolidated with this appeal.

The charge arose out of the following incident. Appellant went to an air freight office at the airport and handed the clerk a letter. Appellant stated that the package contained documents. The clerk knew appellant because he had shipped cassette tapes two weeks before. Because the clerk felt that appellant appeared "real excited, kind of bouncy," the clerk opened the envelope, feeling a lump inside. The lump contained a foil packet within which was heroin. Appellant testified that a business associate in Chicago had telephoned him and stated that he had sent him the packet by mistake. Appellant claimed that when he got it, he put it in another envelope and tried to send it back to Chicago, never knowing the contents.

Appellant argues that the trial court erred in denying his motion for a directed verdict because there was no evidence that the transfer to a specifically designated person or destination was ever completed, that is, the packet never reached Chicago. The trial court acted correctly. Appellant completed the crime when he transferred the package to the clerk. Neither A.R.S. § 13–3408(A)(7) nor § 13–3401(28) (defining transfer) requires that a transfer be to a named person. The transfer to the clerk was sufficient. Moreover, as the state points out, even assuming the final destination was Chicago, appellant did all that he could to get it there. This was a constructive transfer to the party in Chicago and supports the conviction. *United States v. Edmonds*, 765 F.Supp. 1112 (D.D.C.1991). That there was an intermediary, the clerk, to effectuate the transfer, does not prevent the crime from having been completed. *United States v. Waller*, 503 F.2d 1014 (7th Cir. 1974), *cert. denied*, 420 U.S. 932, 95 S.Ct. 1137, 43 L.Ed.2d 406 (1975). For the same reasons, we reject appellant's related argu-

ment that the crime was never completed and that he could not have been convicted as charged.

 Appellant next argues that the trial court erred in failing to instruct the jury on attempted transfer because of the fact that the heroin did not ever reach its destination. In rejecting the instruction, the court stated that the crime did not require the transfer to a named individual but rather a transfer to any individual together with the culpable mental state. As discussed above, the court was correct. Appellant is only entitled to an instruction on offenses that are supported by the evidence. *State v. Atwood,* 171 Ariz. 576, 832 P.2d 593 (1992), *cert. denied,* — U.S. —, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993). In this case, the evidence showed a completed transfer, not merely an attempt.

 In his Rule 32 petition, appellant contended that there was new evidence which warranted a new trial. That evidence consisted primarily of the fact that the person to whom the package was being sent inquired numerous times regarding its whereabouts. Appellant was required to present a colorable claim for relief before being entitled to an evidentiary hearing. A colorable claim is one which, if the allegations are true, might have changed the outcome. *State v. Schrock,* 149 Ariz. 433, 719 P.2d 1049 (1986). We cannot say that the trial court abused its discretion in concluding that the proffered evidence would not have changed the outcome. The fact that the person to whom the package was being sent was looking for it merely emphasizes that he was expecting it. This would be true whether the package contained heroin or not. In fact, it is possible that since the jury did not believe appellant's story, they would have considered the evidence as reinforcing appellant's culpability instead of exculpating him, particularly if, as appellant seems to be saying, the recipient was anxious about the missing package.

Having reviewed the record for fundamental error, we have found none. The conviction and the sentence are affirmed; the petition for review is granted and relief is denied.

LIVERMORE, C.J., LACAGNINA, P.J., and ESPINOSA, J., concur.