SHAHOOD, Judge.
Appellant appeals from judgment of conviction and sentence under the aggravated stalking statute, section 784.048(4), Florida Statutes (1995), for violating an order of probation and an order in a domestic relations case proscribing any contact with his former wife, including telephone calls. Appellant concedes that by making harassing telephone calls to his former wife, he violated said orders, yet nevertheless argues that the trial court erred in denying his motion to dismiss the aggravated stalking charge. Further, appellant contests the constitutionality of stalking statute. Finding no error, we affirm. As the constitutionality of the stalking statute has been upheld we address only appellant’s argument as to the denial of his motion to dismiss. See Bouters v. State, 659 So.2d 235 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 245, 133 L.Ed.2d 171.
Appellant claims that he should have been prosecuted under the misdemeanor statute prohibiting harassing telephone calls, section 365.16, rather than under the felony statute for aggravated stalking, section 784.048(4). He argues that under the well settled rule of statutory construction, a specific statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). Further, when two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent. McKendry v. State, 641 So.2d 45, 46 (Fla.1994). Appellant argues that the stalking statute is a general statute, while the harassing telephone call statute is a more specific statute. Thus, while it is illegal to make repeated harassing telephone calls under section 365.16, those same harassing telephone calls could not be used as the act of harassment under section 784.048(4). As such, appellant claims that he could only have been charged with the offense of harassing telephone calls.
We need not reach this issue, as appellant acknowledges that under Florida’s constitution, the state attorney has the discretion in deciding whether and how to prosecute a defendant. State v. Bloom, 497 So.2d 2, 3 (Fla.1986). In State v. Cogswell, 521 So.2d 1081, 1082 (Fla.1988)(quoting Fayerweather v. State, 332 So.2d 21, 22 (Fla.1976)), the Florida Supreme Court discussed prosecuto-rial discretion in charging a defendant:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. Traditionally, the legislature has left to the prosecutor’s discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
See also United States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 2204-05, 60 L.Ed.2d 755 (1979) (“[TJhere is no appreciable difference between the discretion a prosecutor exercises when deciding whether to *680 charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements”). As a result of such discretion, we find no error in the state attorney’s electing to prosecute appellant for a felony under the aggravated stalking statute rather than a misdemeanor under the harassing telephone call statute.
AFFIRMED.
STONE and WARNER, JJ., concur.