LEVINE, J.
 

 The issue presented for review is whether the trial court improperly dismissed the charge of tampering with or fabricating evidence. We find that the trial court’s granting of the motion to dismiss should be reversed, since taking all inferences in the light most favorable to the State, there remained a material factual dispute for the trier of fact to determine.
 

 
 *609
 
 In this case, appellee was observed by a law enforcement officer failing to stop at a stop sign. The officer stopped appellee for a traffic violation, and while approaching the vehicle noticed appellee chewing. The officer asked appellee to open his mouth and discovered a “green leafy substance.” The substance in appellee’s mouth subsequently tested positive for cannabis.
 

 Appellee filed a motion to dismiss, claiming that no criminal investigation was pending when appellee was stopped for a traffic violation. In the motion to dismiss, appellee admitted to “eating an illegal substance” but denied any knowledge of any investigation. Appellee asserted that the traffic stop was “made for failure to stop at a stop sign and had nothing to do with cannabis.”
 

 The State filed a traverse which claimed the officer, when approaching the car, “immediately smell[ed] cannabis coming from the vehicle.” The State claimed that ap-pellee was aware of the criminal investigation since appellee “would not have eaten the cannabis” otherwise.
 

 The trial court noted that the officer never saw appellee put anything in his mouth, and thus it was unclear when ap-pellee started to chew the marijuana. The court dismissed the charge, finding that the destruction of the cannabis was not destruction of evidence unless appellee had knowledge of an investigation. The State appeals the trial court’s ruling.
 

 We review de novo an order of dismissal.
 
 State v. Hinkle,
 
 970 So.2d 433, 434 (Fla. 4th DCA 2007). A defendant may move for dismissal of a charge if the undisputed facts do not establish a prima facie claim of guilt. Fla. R.Crim. P. 3.190(c)(4). “Under this rule it is the defendant’s burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion.”
 
 State v. Kalogempolous,
 
 758 So.2d 110, 111 (Fla. 2000). Where the defendant’s motion fails to show the absence of any material factual dispute, the motion is legally insufficient and must be denied.
 
 State v. Covington,
 
 973 So.2d 481, 482 (Fla. 3d DCA 2007).
 

 The State appeals the dismissal of the charge of destruction of evidence. Section 918.13, Florida Statutes (2008), states that:
 

 (1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
 

 (a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation[.]
 

 To convict, the State must prove a defendant “had knowledge of an impending investigation and destroyed evidence in order to impair its availability for the investigation.”
 
 C.K. v. State,
 
 753 So.2d 617, 618 (Fla. 4th DCA 2000). Since the parties agree that appellee’s “chewing” of the marijuana would constitute a “destruction” of the marijuana, then the focus is on the second element: whether appellee knew of the pendency of an investigation while he chewed and “destroyed” the marijuana.
 

 In his sworn motion, appellee did not assert when he started chewing the marijuana. The trial court could only speculate as to the relationship between the chewing of the marijuana and the start of the investigation. By not including any allegations that appellee was chewing the marijuana prior to the traffic infraction (i.e., before the investigation was imminent), appellee has not carried his burden to show that the State cannot establish a
 
 *610
 
 prima facie case of guilt. The facts as alleged would allow either an inference that appellee was chewing prior to attracting the attention of law enforcement or that appellee placed the drugs in his mouth exactly because he knew he was about to be investigated. Failure to address this fact is fatal to appellee’s motion to dismiss, as we must take all inferences in the light most favorable to the State.
 
 State v. Lebrón,
 
 954 So.2d 52, 54 (Fla. 5th DCA 2007).
 

 Therefore, since the sworn facts as alleged, when taken in the light most favorable to the state, do not refute the State’s prima facie case, we are compelled to reverse. Appellee’s chewing the marijuana could lend itself to differing conclusions, depending on appellee’s intent. Determining the intent of the defendant should be left to the trier of fact and is therefore not the proper subject of a motion to dismiss.
 
 E.I. v. State,
 
 25 So.3d 625 (Fla. 2d DCA 2009);
 
 State v. Santiago,
 
 938 So.2d 603 (Fla. 4th DCA 2006).
 

 Reversed.
 

 TAYLOR and GERBER, JJ., concur.