WARNER, J.
 

 The state appeals the dismissal of its information charging the appellee with attempted delivery of cocaine. Because the undisputed facts would support a prima facie case that the appellee aided and abetted his co-defendant by driving him to set up the salé óf cocaine, we reverse.
 

 The trial court granted appellee/de-fendant Wright’s motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), which we review
 
 de novo. See State v. Major,
 
 30 So.3d 608, 609 (Fla. 4th DCA 2010). Initially, a defendant has the burden to show that the undisputed facts do not demonstrate a prima facie case.
 
 Id.
 
 To defeat a rule 3.190(c)(4) motion, the state need only dispute a material fact alleged by the defendant or provide additional facts which would meet a prima facie ease.
 
 See State v. Kalogeropolous,
 
 758 So.2d 110, 111 (Fla. 2000). The state may rely on inferences and circumstantial evidence to meet its burden.
 
 See State v. Jaramillo,
 
 951 So.2d 97, 98-99 (Fla. 2d DCA 2007).
 

 The state charged Wright with attempted delivery of cocaine. Section 893.13(l)(a), Florida Statutes, provides that it is “unlawful for any person to sell, manufacture, or deliver ... a controlled substance.” A person who aids and abets a confederate in selling or delivering contraband drugs, which are physically possessed only by the confederate, may be convicted of unlawful sale or delivery of the drugs, but not unlawful possession.
 
 See L.J. v. State,
 
 578 So.2d 360, 362 (Fla. 3d DCA 1991);
 
 see also Sheppard v. State,
 
 996 So.2d 260, 262 (Fla. 2d DCA 2008).
 

 In this case, the undisputed facts offered in the rule 3.190(c)(4) motion show that Wright drove his co-defendant Garrett and others to a store where Garrett made a phone call to a confidential informant to sell drugs. When the police arrested Garrett, Wright began to drive off. No drugs were found on Wright or in the vehicle. The state then offered evidence that when he exited the car, Wright said to the officer, “I was just giving him a ride to bust a lick, I didn’t have no f-g dope.”
 
 [1]
 
 The officer testified that the
 
 *1205
 
 phrase “bust a lick” was slang for conducting a narcotics transaction.
 

 Because Wright’s statement provided evidence that he knew that he was transporting Garrett for the purposes of concluding a drug transaction, a prima facie case of attempted delivery has been made.
 
 See L.J.,
 
 578 So.2d at 362. The state did not have to show possession by Wright to support the charge.
 

 The order dismissing the state’s information is reversed and the cause is remanded with directions to reinstate the charges.
 

 LEVINE and CONNER, JJ„ concur.
 

 [1]
 

 . At the hearing on the motion to dismiss, defense counsel suggested that his examination of the officer revealed grounds for a
 
 *1205
 
 motion to suppress. The state objected to arguing a motion to suppress, and the court did not address it, nor do we.