GERBER, J.
The state appeals from the circuit court’s order granting the defendant’s motion to dismiss numerous drug trafficking-related charges under section 893.135(l)(c), Florida Statutes (2009). The state argues the court erred in finding that the state was limited to charging the defendant, a medical doctor, with illicit conduct by a prescribing practitioner under section 893.13(8), Florida Statutes (2009). We agree with the state’s argument and reverse.
The state’s information charged the defendant -with twenty-two counts. Twenty of those counts included charges for racketeering, conspiracy to commit racketeering, trafficking in oxycodone, and conspiracy to traffic in oxycodone. In each of those twenty counts, the state alleged that the defendant knowingly sold or delivered to a person, “by means of a prescription written in bad faith and not in the course of professional practice,” various controlled substances, contrary to sections 893.135(l)(c) and 893.05, Florida Statutes (2009). Section 893.135(l)(c), in pertinent part, provides:
*627 (1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 898.13:
[[Image here]]
(e)l. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromor-phone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 898.03(l)(b), (2)(a), (3)(c)3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as “trafficking in illegal drugs”.... If the quantity involved:
a. Is 4 grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and the defendant shall be ordered to pay a fine of $50,000.
b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 years, and the defendant shall be ordered to pay a fine of $100,000.
c. Is 28 grams or more, but less than 30 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and pay a fine of $500,000.
§ 893.135(l)(c)l.c., Fla. Stat. (2009). Section 893.05(1), in pertinent part, provides:
A practitioner, in good faith and in the course of his or her professional practice only, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance, or the practitioner may cause the same to be administered by a licensed nurse or an intern practitioner under his or her direction and supervision only....
§ 893.05(1), Fla. Stat. (2009).
The defendant moved to dismiss the twenty counts alleging violations of sections 893.135(l)(c) and 893.05. In the motion, the defendant raised two primary arguments: (1) section 893.135 does not specifically criminalize a practitioner’s illicit prescriptions of controlled substances; and (2) another law, section 893.13(8), Florida Statutes (2009), specifically addresses a prescribing practitioner’s alleged illicit conduct and, therefore, the state could not charge him with the more general crime of drug trafficking under section 893.135. Section 893.13(8), in pertinent part, provides:
(a) ... [A] prescribing practitioner may not:
1. Knowingly assist a patient [or] other person ... in obtaining a controlled substance through deceptive, untrue, or fraudulent representations in or related to the practice of the prescribing practitioner’s professional practice;
2. Employ a trick or scheme in the practice of the prescribing practitioner’s professional practice to assist a patient [or] other person ... in obtaining a controlled substance;
3. Knowingly write a prescription for a controlled substance for a fictitious person; or
4. Write a prescription for a controlled substance for a patient [or] other person ... if the sole purpose of writing such prescription is to provide a monetary benefit to, or obtain a monetary benefit for, the prescribing practitioner.
[[Image here]]
(c) A person who violates paragraph (a) commits a felony of the third degree ....
*628 (d) Notwithstanding paragraph (c), if a prescribing practitioner has violated paragraph (a) and received $1,000 or more in payment for writing one or more prescriptions or, in the case of a prescription written for a controlled substance described in s. 893.135, has written one or more prescriptions for a quantity of a controlled substance which, individually or in the aggregate, meets the threshold for the offense of trafficking in a controlled substance under s. [893.135], the violation is reclassified as a felony of the second degree and ranked in level 4 of the Criminal Punishment Code.
§ 893.13(8), Fla. Stat. (2009).
The state’s response to the motion to dismiss raised two primary arguments: (1) section 893.135(l)’s introductory phrase, that its provisions apply “notwithstanding the provisions of s. 893.13,” plainly permits the state to charge prescribing practitioners under section 893.135 and not under section 893.13(8); and (2) section 893.13(8) does not restrict the state’s prosecution of prescribing practitioners, but rather provides the state with an alternative means to prosecute prescribing practitioners.
The circuit court entered an order granting the defendant’s motion to dismiss. The court based its ruling on three grounds:
(1)“The purpose of the phrase, ‘notwithstanding the provisions of section 893.13’ in section 893.135 was an attempt by the Legislature to ‘harmonize the two statutes.’ Staff analysis to the 1980 amendment to section 893.135, which added the ‘notwithstanding1 language, indicates that it was added in order to prevent offenders who possessed trafficking amounts of certain drugs from being prosecuted instead for simple possession under section 893.13, effectively allowing defendants to escape the harsher penalties for trafficking under section 893.135. Therefore, it is clear that the language was added in order to prevent the problem of duplication of penalties that existed with the proposed amendments.”
(2) “Section 893.135 was designed to address the problem of people selling, manufacturing, purchasing, possessing, delivering, buying, or bringing into the State of Florida an amount of controlled substances greater than the threshold proscribed by the Florida Legislature. The Information in this case alleges that the Defendant essentially wrote prescriptions in bad faith. This conduct is governed explicitly by section 893.13(8).”
(3) “[T]he State argues it has the choice to charge a defendant under section 893.13(8) or in the alternative, under section 893.135. However, this Court fails to conceive of a situation where the State would choose to charge the same offense under section 893.13 rather than 893.135 where the penalties for trafficking under section 893.135 are much more severe.”
(numerals added; internal citations, other quotations, and footnote omitted).
This appeal followed. The parties’ arguments effectively mirror those raised in the circuit court. Our review is de novo. See Knipp v. State, 67 So.3d 376, 378 (Fla. 4th DCA 2011) (a circuit court order granting a motion to dismiss is reviewed de novo); McGrill v. State, 82 So.3d 130, 131 (Fla. 4th DCA 2012) (a circuit court’s interpretation of a statute is reviewed de novo).
*629 We conclude that the circuit court should have denied the defendant’s motion to dismiss. Our conclusion is based on three grounds.
First, the plain language of section 893.135(l)’s introductory phrase controls. Section 893.135(l)’s introductory phrase provides that the statute applies “notwithstanding the provisions of s. 893.13.” Thus, the state may charge a prescribing practitioner under section 893.135(1) notwithstanding the existence of section 893.13(8). Put another way, the existence of section 893.13(8) does not preclude the state from charging a prescribing practitioner under section 893.135(l)(c). See Therrien v. State, 914 So.2d 942, 945 (Fla.2005) (“Where the language of a statute is clear and unambiguous and conveys a definite meaning, we construe it accordingly, and need not resort to additional rules of construction.”).
Second, even if the plain language of section 893.135(l)’s introductory phrase did not control, the United States Supreme Court, our Florida Supreme Court, and this court all have held that when two statutes govern a defendant’s criminal conduct, a prosecutor has the discretion to decide whether and how to prosecute the defendant. See United States v. Batchelder, 442 U.S. 114, 125, 99 S.Ct. 2198, 2204-05, 60 L.Ed.2d 755 (1979) (although selectivity in the enforcement of criminal laws is subject to constitutional constraints such as the Equal Protection Clause, “there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion [the prosecutor] exercises when choosing one of two statutes with identical elements”); Fayerweather v. State, 332 So.2d 21, 22 (Fla.1976) (“It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. Traditionally, the legislature has left to the prosecutor’s discretion which violations to prosecute and hence which range of penalties to visit upon the offender.”) (internal citations omitted); Seybel v. State, 693 So.2d 678, 679 (Fla. 4th DCA 1997) (“[U]n-der Florida’s constitution, the state attorney has the discretion in deciding whether and how to prosecute a defendant.”) (citation omitted). Applied here, the state has the discretion to prosecute the defendant under section 893.135(l)(c) — in order to impose that statute’s penalties of a first-degree felony with mandatory minimum prison sentences and fines — in lieu of section 893.13(8)’s penalties of either a second- or third-degree felony.
Third, denial of the motion to dismiss would be consistent with pre-section 893.13(8) precedent permitting the state to prosecute a prescribing practitioner under section 893.135(l)’s predecessor statute, section 893.13(l)(a). See, e.g., Cilento v. State, 377 So.2d 663, 666 (Fla.1979) (“Status as a physician does not in some way immunize one from charges of selling. Rather, whether the physician’s or other individual’s conduct amounts to selling or merely dispensing is a function of the particular facts of the case.... The fact that certain conduct might violate more than one criminal provision does not necessarily render it invalid.”) (citation omitted); State v. Vinson, 298 So.2d 505, 507 (Fla. 2d DCA 1974) (“[I]t seems reasonable to assume that by including the words ‘actual or constructive’ within its definition of delivery, the Legislature intended to encompass a situation where a doctor, by reason of [the doctor’s] right to issue prescriptions, does so in bad faith and thereby provides a user with the vehicle with which to obtain the drug [which the user] could not otherwise acquire.”).
*630 The defendant nevertheless argues we should hold that section 893.18(8) is controlling over section 893.135(l)(c). He raises three grounds: (1) the rule of statutory construction that “a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms,” Adams v. Culver, 111 So.2d 665, 667 (Fla.1959); (2) a certain sentence from diento which, according to the defendant, anticipates the possibility of a different decision after the enactment of section 893.13(8); and (3) the second district’s rejection of a state argument in O’Hara v. State, 964 So.2d 839 (Fla. 2d DCA 2007), that section 893.135(l)’s introductory phrase negates the application of a different provision of section 893.13.
All three grounds are unpersuasive. We address each in turn.

Special vs. General

We recognize the rule of statutory construction that “a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms.” Adams, 111 So.2d at 667. However, when this court was confronted with a case in which that rule of statutory construction conflicted with a prosecutor’s constitutional authority to decide whether and how to prosecute a defendant, we enforced the latter. See Seybel, 693 So.2d at 679-80 (“We need not reach [appellant’s argument that a special statute is controlling over a general statute], as appellant acknowledges that under Florida’s constitution, the state attorney has the discretion in deciding whether and how to prosecute a defendant.”) (citation omitted). We maintain that position.

diento’s Reasoning

Cilento’s reasoning ultimately refutes the defendant’s argument.
In Cilento, the state charged a medical doctor with selling or delivering a controlled substance in violation of section 893.135(l)(c)’s predecessor, section 893.13(l)(a), Florida Statutes (1975). 377 So.2d at 664. Similar to the information here, the information in Cilento charged, in pertinent part, that the doctor “did unlawfully and feloniously sell or deliver to (a named individual), by means of a prescription issued in bad faith and not in the course of professional practice, a controlled substance, to wit: methaqualone.... ” Id.
In a motion to transfer the case from circuit court to county court, the defendant contended that the information effectively charged no more than the misdemeanor crime of distributing or dispensing a controlled substance under then-section 893.13(2), now numbered as section 893.13(7)(a)l. Id. at 664-65. The circuit court denied the motion to transfer. Id. at 664. The defendant later changed his plea to nolo contendere, but reserved his right to appeal the circuit court’s ruling. Id.
On direct appeal to our supreme court, the supreme court affirmed. Id. at 666. In reaching its decision, the supreme court stated:
Section 893.13, Florida Statutes (1975), which defines “prohibited acts” under the controlled substances law, does not explicitly cover the conduct of a medical doctor who issues a prescription for a controlled substance outside the course of his professional practice.
Cilento, 377 So.2d at 665-66.
The defendant relies on the supreme court’s above-quoted statement for the argument that, after the legislature added subsection 893.13(8) to section 893.13 in 2002, the statute “could not be clearer in specifically defining a crime and its punishment for prescriptions when unlawfully provided by practitioners.”
*631 We disagree with this argument. While Cilento perhaps foreshadowed the legislature’s later creation of section 893.13(8), the coincidence of such a temporal relationship does not mean that the legislature intended to preclude the state from charging a prescribing practitioner under section 893.135(l)(c).
Moreover, the supreme court’s ultimate reasoning for its affirmance in Cilento refutes the defendant’s argument. The court reasoned:
Through his plea of nolo contendere, [the defendant] has conceded that he did in fact so sell or deliver quaaludes. It appears clear to us that such conduct constitutes a violation of 891.13(l)(a). The admitted facts do form an accurate basis for the charging of this felony. Status as a physician does not in some way immunize one from charges of selling. Rather, whether the physician’s or other individual’s conduct amounts to selling or merely dispensing is a function of the particular facts of the case. [The defendant] argues that this result is irrational in that it is susceptible to both felony and misdemeanor penalties, to be finally determined at the discretion of the prosecutor. The fact that certain conduct might violate more than one criminal provision does not necessarily render it invalid. Fayerweather v. State, 332 So.2d 21 (Fla.1976). [The defendant], as a physician, is capable of violating either or both of the provisions, 893.13(1) and 893.13(2).
Id. at 666 (emphasis added).
To apply diento’s reasoning here, it is a function of the particular facts of this case, and the state’s discretion, see Fayerweather, 332 So.2d at 22, whether the defendant’s conduct amounts to:
• the first-degree felony of selling or delivering a controlled substance under section 893.135(l)(c), or
• the second- or third-degree felony of illicit conduct by a prescribing practitioner under section 893.13(8), or
• the misdemeanor of distributing or dispensing a controlled substance in violation of chapter 893 under section 893.13(7)(a).
See Cilento, 377 So.2d at 666. The fact that the defendant’s alleged conduct might violate more than one of the foregoing provisions does not necessarily render any of them inapplicable. See id. The defendant is capable of violating any or all of the provisions. See id. Thus, the defendant’s status as a prescribing practitioner does not in some way immunize him from any of the charges. See id.

O’Hara’s Reasoning

O’Hara’s reasoning also ultimately refutes the defendant’s argument.
In O’Hara, the defendant (a layperson) was convicted of trafficking in hydroco-done under section 893.135(l)(c). 964 So.2d at 840. He appealed the trial court’s denial of his requested jury instruction that it was not illegal to possess hydroco-done if it had been prescribed. Id. The defendant argued, in pertinent part, that the first part of section 893.135’s introductory phrase of “Except as authorized in this chapter ... and notwithstanding the provisions of s. 893.13” made available to him the prescription defense provided in section 893.13(6), Florida Statutes (2004), which prohibits simple possession of a controlled substance. Id. at 840-41 (emphasis added). Section 893.13(6), in pertinent part, provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practi- *632 timer while acting in the course of his or her professional practice ....
§ 893.13(6)(a), Fla. Stat. (2004) (emphasis added). The state contended that the second part of section 893.135’s introductory-phrase “Except as authorized in this chapter ... and notwithstanding the provisions of s. 893.13 ” precluded any reliance on section 893.13(6)’s prescription defense in trafficking cases. O’Hara, 964 So.2d at 843 (emphasis added).
The second district held that the defendant was entitled to the prescription defense instruction and, accordingly, reversed for a new trial. Id. at 840. Our sister court reasoned, in pertinent part:
The State invokes the oft-cited principle that when the language of a statute conveys a clear and definite meaning, courts will not resort to rules of statutory interpretation and construction. But this seemingly simple principle is subject to a number of qualifications. Under one of these, courts are admonished not to read statutory language in isolation. It must be taken in context, so that its meaning may be illuminated in the light of the statutory scheme of which it is a part. Consistent with this principle, the doctrine of in pari materia requires us to construe statutes relating to the same subject matter together in order to harmonize them and to give effect to the Legislature’s intent. Whenever possible, we must give full force to all statutory provisions.
Applying these principles here, it is obvious that sections 893.13 and 893.135 are part of a statutory scheme addressing the possession of controlled substances, with the latter statute imposing more severe penalties for possessing larger, “trafficking,” amounts of the drugs....
[[Image here]]
[The legislative] history discloses that [section 893.135’s introductory phrase] was placed in the statute to address a narrow concern: that offenders who possessed trafficking amounts of certain drugs might be prosecuted instead for simple possession under section 893.13, and thus they would be permitted to escape the more severe penalties mandated under the trafficking statute. Nothing in the enactment itself or in the history of the bills that resulted in the new law suggests that the Legislature intended or even contemplated the expansive reading advocated by the State, such that the exceptions or defenses in section 893.13 having nothing to do with penalties also would be excluded from the trafficking statute.
Id. at 843-44 (emphasis added; internal citations omitted).
The second district’s reasoning emphasized above favors the state here. Unlike O’Hara, this case has nothing to do with the exceptions or defenses in section 893.13, and has everything to do with the different penalties under sections 893.13(8) and 893.135(l)(c). Thus, just as our sister court concluded that section 893.135’s introductory phrase operates to prevent offenders who possessed trafficking amounts of certain drugs from being prosecuted for simple possession under section 893.13, we conclude that section 893.135’s introductory phrase also operates to allow the state the discretion to prosecute prescribing practitioners under the second- or third-degree felony penalties of section 893.13(8) or the more severe penalties of a first-degree felony with mandatory minimum sentences and fines under section 893.135(l)(c).
We have considered the defendant’s other arguments and conclude without further discussion that they are without merit.
*633 Based on the foregoing, we reverse the circuit court’s order granting the defendant’s motion to dismiss the charges. We remand for proceedings consistent with this opinion.

Reversed and remanded.

MAY and TAYLOR, JJ., concur.