LEVINE, J.
The state appeals the order dismissing charges related to drug trafficking against appellee. The trial court found that because appellee was a licensed medical assistant and nurse practitioner, her alleged crimes would fall under section 893.13(8)(a), Florida Statutes (2009), and not under section 893.135(l)(c), Florida Statutes (2009), as charged. We find that the trial court erred in granting appellee’s motion to dismiss and conclude that appel-lee is not a practitioner as defined under the plain language of section 893.02(20).
Appellee was charged with nine offenses, including trafficking in oxycodone, conspiracy to traffic in oxycodone, unlicensed practice of health care profession, racketeering, and conspiracy to commit racketeering. As to the trafficking and conspiracy to traffic charges, the state alleged that appellee knowingly sold or delivered to a person “by means of a prescription written in bad faith and not in the course of professional practice,” various controlled substances, contrary to sections 893.135(l)(c) and 893.05. Appellee filed a motion to dismiss arguing that because she was a licensed medical assistant and nurse practitioner, her alleged crimes would fall under section 893.13(8)(a. The state argued that appellee was not a prac *1040 titioner pursuant to the relevant statutory authority, and as such, should not be charged under section 893.13(8)(a). The trial court agreed with appellee and dismissed six counts and four predicate incidents. The state timely appeals the decision of the trial court.
We review de novo a trial court’s order granting a motion to dismiss a criminal information. State v. Wright, 65 So.3d 1203, 1204 (Fla. 4th DCA 2011). We also review de novo a trial court’s interpretation of a statute. State v. Gonzalez, 121 So.3d 625, 628 (Fla. 4th DCA 2013).
Appellee was charged under sections 893.135(l)(c) and 893.05. Section 893.135(l)(c) provides:
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s.893.13:
[[Image here]]
(c) 1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromor-phone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(l)(b), (2)(a), (3)(c) 3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as “trafficking in illegal drugs,” punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
a.Is 4 grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and the defendant shall be ordered to pay a fine of $50,000.
b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 years, and the defendant shall be ordered to pay a fine of $100,000.
c. Is 28 grams or more, but less than 30 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and pay a fine of $500,000.
Section 893.05(1) states:
A practitioner, in good faith and in the course of his or her professional practice only, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance, or the practitioner may cause the same to be administered by a licensed nurse or an intern practitioner under his or her direction and supervision only. A veterinarian may so prescribe, administer, dispense, mix, or prepare a controlled substance for use on animals only, and may cause it to be administered by an assistant or orderly under the veterinarian’s direction and supervision only.
The trial court determined that appellee should have been charged under section 893.13(8). That statute provides:
(8)(a) ... [A] prescribing practitioner may not:
1. Knowingly assist a patient, other person, or the owner of an animal in obtaining a controlled substance through deceptive, untrue, or fraudulent representations in or related to the practice of the prescribing practitioner’s professional practice;
2. Employ a trick or scheme in the practice of the prescribing practitioner’s professional practice to assist a patient, other person, or the owner of an animal in obtaining a controlled substance;
*1041 3. Knowingly write a prescription for a controlled substance for a fictitious person; or
4. Write a prescription for a controlled substance for a patient, other person, or an animal if the sole purpose of writing such prescription is to provide a monetary benefit to, or obtain a monetary benefit for, the prescribing practitioner.
[[Image here]]
(c) A person who violates paragraph (a) commits a felony of the third degree
[[Image here]]
(d) Notwithstanding paragraph (c), if a prescribing practitioner has violated paragraph (a) and received $1,000 or more in payment for writing one or more prescriptions or, in the case of a prescription written for a controlled substance described in s. 893.135, has written one or more prescriptions for a quantity of a controlled substance which, individually or in the aggregate, meets the threshold for the offense of trafficking in a controlled substance under s. 893.1[3]5, the violation is reclassified as a felony of the second degree ....
The trial court determined that appellee should have been charged under section 893.13(8), instead of section 893.135(l)(c), because the trial court concluded that ap-pellee was a practitioner. However, the relevant statute, section 893.02(20), Florida Statutes (2009), defines “practitioner” as follows:
a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, a natu-ropath licensed pursuant to chapter 462, or a podiatric physician licensed pursuant to chapter 461, provided such practitioner holds a valid federal controlled substance registry number.
In appellee’s motion to dismiss, she alleged that she was a licensed medical assistant and nurse. Pursuant to the plain language of section 893.02(20), a medical assistant or nurse is not listed under the definition of practitioner, nor does a medical assistant or nurse fall within the meaning of “practitioner.” Appellee is neither a physician, pursuant to chapter 458, 459 or 461; a dentist, pursuant to chapter 466; a veterinarian, pursuant to chapter 474; nor a naturopath, pursuant to chapter 462.
Further pursuant to “expressio uni-us est exclusio alterius,” a canon of statutory interpretation, the expression of one thing implies the exclusion of others. Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996). Clearly, had the legislature wanted to include licensed medical assistant or nurse within the definition of “practitioner” in section 893.02(20), it would have done so. Since appellee is not a “practitioner” under the statutory definition, section 893.05(1), which applies only to practitioners, would not apply.
Even assuming, arguendo, that appellant was a practitioner, State v. Gonzalez, 121 So.3d 625 (Fla. 4th DCA 2013), would not change the result of this case because it held that a practitioner may be charged under either section 898.135(l)(e), the statute under which appellant was charged, or section 893.13(8), the statute under which appellant claims she should have been charged. Accordingly, we reverse and remand for reinstatement of the charges.

Reversed and remanded.

WARNER and GROSS, JJ., concur.