WOLF, J.
The State appeals an order dismissing one count of tampering with evidence pursuant to section 918.13, Florida Statutes (2014). We agree that the trial court erred-in finding the State failed to set forth a prima facié case and reverse.
The State filed a traverse in response to Barnes’ motion to dismiss in which the State alleged that a police officer conducted a traffic stop of a car driven by Barnes. Barnes exited the car and attempted to flee. After a short pursuit, the officer captured Barnes but immediately noticed Barnes was chewing something. The officer ordered Barnes to spit out what he was chewing, but Barnes refused and pulled his head away from the officer while he continued chewing the unknown substance for a couple of minutes until he swallowed it. A field test conducted on residue in Barnes’ mouth tested positive for cocaine, although a-Sample sent to the Florida Department of Law Enforcement crime lab came-back as “insufficient sample for identification.”
Barnes argues these allegations were insufficient to establish a prima facie case of tampering with evidence as prohibited by section 918.13, which states that “[n]o personj knowing that .... an investigation by a ... law enforcement agency ... is *363 pending or is about to be instituted, shall: (a) Alter, destroy, conceal, or remove any ... thing with the purpose to impair its verity or availability in such proceeding or investigation .... ” § 918.13(l)(a), Fla. Stat.
' Barnes asserts that because the officer could not say whether the object was already in Barnes’ mouth when the officer initiated the traffic stop, the State cannot prove that Barnes put the object in his mouth with the intent to impair the object’s availability for a police investigation. However, we find the allegations were sufficient, particularly in light of the fact that Barnes turned his head and continued to chew the object until he swallowed it, refusing to comply with the officer’s order to spit out the object. See State v. Major, 30 So.3d 608, 609-10 (Fla. 4th DCA 2010) (finding the allegation that an officer discovered Major chewing marijuana during a traffic stop established a prima facie case of tampering with evidence because the allegation “would allow either an inference that [Major] was chewing prior to attracting the attention of "law enforcement or that [he] placed the drugs in his mouth exactly because he knew he was about to be investigated”); see also State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000) (“In meeting its burden of establishing a prima facie case, the State can use circumstantial evidence, and all inferences made are resolved in its favor.”). Therefore, we REVERSE.
ROWE and MAKAR, JJ., concur.